IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN LYONS, #M19540,<br><br>              Plaintiff,<br><br>v.<br><br>ANTHONY WILLS,<br>KEVIN REICHERT,<br>SARA MCCLURE,<br>SHELLY SHELVIN,<br>JOSHUA A. SCHOENBECK,<br>JANE DOE 1,<br>DONOVAN RICHARDSON,<br>LIEUTENANT WARD,<br>COUNSELOR VALROY,<br>JOHN DOE 1,<br>JOHN DOE 2,<br>JOHN DOE 3,<br>JOHN DOE 4,<br>C/O TUCKER,<br>COUNSELOR RICHMOND,<br>C/O GARCIA,<br>RYAN KILDUFF, and<br>ALEX A. MALDONADO,<br><br>              Defendants. | Case No. 23-cv-02801-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief

must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

In the Complaint, Plaintiff describes a list of constitutional violations that have occurred to him since arriving at Menard on October 22, 2022. His claims include that (1) his property was not properly inventoried and went missing on two different occasions, and he has repeatedly been denied access to his property; (2) Menard does not have email kiosks to communicate with family and friends, as are provided at other facilities; (3) he was denied a crisis team when requested; (4) he was falsely accused and wrongly disciplined without a fair hearing for threatening a correctional officer; (5) he was housed in unconstitutional conditions when placed in segregation and later when placed in protective custody; (6) he was denied access to the law library and the ability to make copies of various documents; (7) while housed in East House, he was not given the same amount of privileges as inmates housed in different units, such as yard time and access to schooling and barber shop services, and the inmates in East House were subject to excessive lockdowns and bodily searches before shower; (8) his mail is being delayed and has gone missing; (9) he has been denied grievance forms and his grievances and kites go unanswered; (10) his requests for medical attention have been ignored or denied; (11) he was peppered sprayed for no reason; (12) his cell was shaken down solely to harass him; and (13) in July 2023, he was arbitrarily found guilty of disciplinary charges without a hearing.

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific

defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *Id.* at 555. And because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). There is no *respondeat superior* liability Section 1983. An individual cannot be held liable solely because of his or her supervisory position.

    A complaint also must follow the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

    Here, Plaintiff has improperly joined claims and parties. His Complaint is a laundry list of grievances based on events that have occurred over the last year at Menard. Many of the allegations arise from distinct transactions or occurrences and share no common questions of fact or law. The claims cannot proceed together in one lawsuit. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

    Pursuant to *Dorsey v. Varga,* 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder of the issues described above. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court

conducts the required merits screening of his claims under Section 1915A.

## REQUESTS FOR INJUNCTION AND TEMPORARY RESTRAINING ORDER

In the Complaint, Plaintiff requests an injunction and temporary restraining order to prevent any retaliation from filing the Complaint. (Doc. 1, p. 23). The request is **DENIED.**

In order to obtain emergency injunctive relief, a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). Because the operative Complaint will be stricken, it is impossible for Plaintiff to prove that he is likely to succeed on the merits of his claims. The Court further notes that Plaintiff has not filed a separate motion pursuant to Federal Rules of Civil Procedure 7 and 65 or shown that he will suffer irreparable harm absent injunctive relief warranting a temporary restraining order or preliminary injunction. Accordingly, the request for a preliminary injunction and temporary restraining order is denied at this time.

## MOTION FOR COURT ORDER TO PROCESS

Plaintiff asks the Court to order the business office at Menard to provide him with a copy of his trust fund statement for the previous six months. (Doc. 8). The motion is **DENIED as moot**. The Court has received Plaintiff's trust fund statement, and his motion to proceed *in forma pauperis* has been granted. (*See* Doc. 7).

## DISPOSITION

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 10, 2023,** that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void.

*See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-02801-SPM)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ....").

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same Complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under Section 1983 and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d

466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:**   October 13, 2023

          *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**