In The United States District Court
for the Southern District of Illinois

Martin Lyons # M-19540
        Plaintiff

    vs.

Anthony Wills, Sara McClure,
Joshua A. Shoenbeck, Jane Doe 1,
Donovan Richardson, Lieutenant
Ward, Counselor Valray, John
Doe Edwards, John Doe #1 (personal
property officer), John Doe #2
(personal property officer), John Doe
(mailroom officer), John Doe Garcia,
Ryan Kilduff, Latoya Hughes, and
Alex Maldonado, and Anthony B. Jones
Jane Doe #2

SCANNED at MENARD and E-mailed
11-7-23 by JC  75 pages
Date    initials   No.

Case No: 3:23-CV-02801-SPM

Honorable: Stephen P. Mcglynn

"First Amended Complaint"

I. Plaintiff and Jurisdiction
    Martin Lyons #M-19540  No Alias
    Menard C.C. PO Box 1000
    Menard, IL 62259

II. Defendants with Titles and Places of Employment
    1.) Anthony Wills / Chief Administrative Officer
        Warden of Menard Correctional Center
        Menard C.C. 711 Kaskaskia Street
        Menard IL 62259

(1.)

2.) Sara Mcclure
Correctional Counselor 1st and 2nd level grievance officer
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

3.) Joshua A. Shoenbeck
Hearing Committee Officer
Menard C.C. 711 Kaskaskia Street
Menard, IL 62259

4.) Alex A. Maldonado
Hearing Committee Officer
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

5.) Anthony B. Jones
Hearing Committee Officer
Menard, IL 62259 711 Kaskaskia Street

6.) Jane Doe I
Hearing Committee Officer
Menard IL 62259 711 Kaskaskia Street

7.) Donovan, Richardson
Correctional Officer
Menard C.C. 711 Kaskaskia Street
Menard IL 62259



8.) John Doe Ward
Lieutenant.
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

9.) John Doe (Valroy)
Correctional Counselor 1st level
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

10.) John Doe #1 (Personal Property officer of Restricted Housing on 7-3 shift)
Personal property officer of Restricted Housing
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

11.) John Doe #2 (Personal Property officer)
Personal property officer of Restricted Housing on 7-3 shift
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

12.) John Doe (Edwards)
Correctional officer of Restricted Housing (4 gallery 7-3 shift)
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

13.) John Doe (mailroom officer)
Mailroom officer
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

3.

14.) John Doe (Garcia)
Correctional Officer of Restricted Housing 11-3 shift
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

15.) Ryan Kilduff
DRB member / Overseer of IDOC
1307 Concordia Court
PO Box 19277
Springfield IL 62794-9277 (217) 558-2200 TDD: (800) 526-0844

16.) Latoya Hughes
Acting Director
P.O. Box 19277
1301 Concordia Court
Springfield IL 62794-9277 (217) 558-2200 TDD: (800) 526-0844

17.) Jane Doe 2 (11-3 shift Restricted Housing)
Correctional Counselor I.
Menard C.C. 711 Kaskaskia Street
Menard IL 62259

(4.)

# Complaint With Jury Demand

This is a Civil Rights complaint filed by Martin Lyons, a state prisoner, for Damages under 1983 alleging violations of his 14th Amendment of Due Process, the Arbitrary finding of guilt with flimsy evidence, failure of answering grievances according to IDoc Administrative Codes and Directives, no fundamental fairness of state procedures, Knowingly lying on issues in grievance Responses to cover up practices, the denial of Disciplinary hearing on trumped up charges without Due Process, the denial of property interests, the confiscation of mail without notice, opportunity to be heard in opposition to illegal confiscation of mail, the turning of a blind eye to known Due Process and constitutional issues, failure to provide basic necessities of personal hygiene products in violation of Restricted Housing Administrative Directives with no fundamental fairness of state procedures, the unlawful denying of sending legal mail out taking liberty interests, inadequate post-deprivation Remedies and Atypical and Significant Hardships endured in this complaint.

Plaintiff does not have access to the full names of these defendants but will attempt to provide as much detail and information as possible.

All defendants are presumed to be acting under the color of state laws and plaintiff is suing all defendants in their individual and official capacities for mental, emotional, and physical injuries in this complaint. Plaintiff have exhausted all administrative remedies that were available.

This is plaintiff's "First Amended Complaint" as ORDERED by this Honorable Court and District Judge.

## Statement of Facts

1) Upon personal Knowledge plaintiff arrived at Menard on 10/22/22 on a van being transferred from Lawrence C.C.

2) Upon information and belief approximately one day after going to Commissary, plaintiff's tablet went out. By Menard C.C. not having Kiosk devices placed in any of the cell house tiers plaintiff is unable to communicate with family and friends. This was in the month of November.

3) Upon personal Knowledge on 11/5/22 Donovan Richardson worked plaintiff's gallery. Plaintiff told Richardson that his tablet was broke and he needs to order another one on Commissary and Richardson told plaintiff that it was not going to happen.

4) Upon personal Knowledge on 11/5/22 the second time plaintiff seen Richardson plaintiff asked for a "Crisis Team" and Richardson response was, "I got something for your ass, watch this." Then he walked off. When Richardson came back to plaintiff's cell he said, "Cuff up." Plaintiff cuffed up.

5) Upon personal Knowledge after cuffing up, plaintiff was put in a bullpen downstairs and was approached by John Doe (ward) and he asked, "Why are you threatening my officers?" Plaintiff said, "I asked for a crisis team I didn't threaten your officer ask my celly." Lt. Ward said, "You're going to Seg Lyons, that's it." Plaintiff said, "So you're not going to ask my celly?" Ward said, "no." Plaintiff was walked to Seg and Crisis Team was never called for plaintiff and plaintiff was taken to Seg without any property and placed in a filthy cell behind a door with no bed roll causing me to break out with my documented skin disorder in previous prisons. I was bleeding during these times.

6) Upon personal Knowledge, the whole time plaintiff spent in Restricted Housing I was given no property at all by John Doe (Edwards) who was the gallery officer, John Doe (Personal Property officer), John Doe (Personal Property officer) and was also placed on a discriminatory and arbitrary policy called "Pink Tag".



1.

7.) Pink Tag is an arbitrary and made up policy implemented at Menard C.C. by the Warden where I am not allowed a shower for the first seven days, no personal property for the first 30-60 days after placement in Seg, No yard privileges for the first 30 days after being placed in Seg, no mental Health groups for the first 30 days after placement in Seg, No video visit or access to email account. Only solitary confinement in dirty filthy cells with no cleaning supplies. "Pink Tag" violated plaintiff's Due Process in Restricted Housing.

8.) Upon personal Knowledge plaintiff spent 18 to 19 days in Seg in the winter time with no ventilating heat, extremely cold temperatures and I was not given any personal hygiene, sheets, bedding, cleaning supplies, paper, pens, books, according to the Administrative Directives and recieved no help from John Doe (Edwards) leaving plaintiff in this Atypical and significant Hardship and no fundamental fairness was given, and this violated Dueprocess or ~~being not provided basic necessities or personal property being denied without fundamental fairness or~~ ~~Due Process.~~

9.) **10/9/23** Upon personal Knowledge at the Adjustment Committee hearing plaintiff heard Joshua A. Shoenbeck say, "I don't care how many witnesses you have you aint beating shit in Menard." Jane Doe at the hearing said, "We Know everything about you from Lawrence." Plaintiff had provided a written statement with a listed witness that the Adjustment Committee claimed he said, "He didn't witness anything." The ticket said plaintiff ~~threatened~~ to Kill his cellmate or hurt staff member. So how did plaintiff witness say accurately that he aint witness anything when the incident happened inside cell? Witness was not called at the hearing and no Due process was provided. No fundamental fairness was given and there was motive by the Adjustment Committee to find plaintiff guilty Regardless in violation of ~~the Due process~~ of the Law ~~...~~

10.) Upon personal Knowledge when coming back to cell a prisoner who was present at the same day, Robert Morris, told plaintiff he heard Adj. Committee say when I left to "Scar Him" (Plaintiff) and also had to help plaintiff by giving sheets and essential hygiene products when plaintiff was not provided any being on "Pink Tag" during time in Seg left in these living conditions that were Atypical and significant outside of normal prison life. by Edwards the 7-3 shift gallery officer (see affidavit of Robert morris)

(2.)

12.) Upon personal knowledge plaintiff wrote two grievances about living conditions and what Adj. committee said to plaintiff but grievances were never answered by Jane Doe, plaintiff's counselor at the time and Due process was not provided so plaintiff could properly exhaust administrative remedies. ~~[scribbled out]~~ ~~[scribbled out]~~ .

13.) Upon personal knowledge after transitioning from Seg to general population John Doe (Personal Property Officer) and John Doe (Personal Property Officer) was in the room distributing personal property to plaintiff and alot of items of plaintiff's property was missing. Plaintiff said, "I'm missing alot of property." John Doe #1 (Personal Property Officer) said, "We didn't inventory your property." Plaintiff said, "I can't sign for this when I'm missing property and John Doe #2 (Personal Property Officer) said, "You're either going to sign for this shit or we'll throw all your shit away, it's your choice." This was ~~second~~ time this happened to me in Menard.

14.) Upon personal knowledge plaintiff wrote grievances again on personal property issues but was not provided any post-deprivation relief making them ~~too~~ inadequate because grievance was never answered at the second level therefore no Due process was provided before the ~~[scribbled]~~ taking of property according to 14th Amendment, Sara McClure violated this.

15.) Upon personal knowledge on many occasions plaintiff's incoming and outgoing mail is being unlawfully stolen by John Doe (Mailroom Supervisor) of pictures, letters from mother and just recently some legal evidence of approximately 8 Affidavits from other prisoners against Menard that had a tracking number (7021035000022503 3771) that was mailed out on 6/28/23 and was never recieved. John Doe (mailroom supervisor) unlawfully confiscated/stole plaintiff's mail without Due process of taking liberty interest with no opportunity to be heard in opposition or any notice mail was being confiscated.

3.

16.) Upon personal knowledge on 7/6/23 plaintiff was walked to Seg for abuse of email privilege and was placed in another filthy cell with no cleaning supplies, no essential hygiene products, no bed rolls, and no personal property being placed on arbitrary "Pink Tag" policies implemented in Menard again violating Administrative Directives and Due Process of property interest.

17.) Upon personal knowledge plaintiff asked John Doe (Garcia) for help in recieving all of property according to Administrative Directives in Restricted Housing but he refused to help when he was the gallery officer and there was no fundamental fairness when the Adm. Directives were not followed by Garcia and plaintiff's Equal protection of the Law "Class of One" was violated and Due Process.

18.) Upon personal knowledge during this seg time plaintiff was denied personal property of pens, paper, letters, envelopes, personal hygiene, and cleaning supplies by John Doe (Garcia) John Doe #1 (Personal Property officer), and John Doe #2 (Personal Property officer) which plaintiff had to sell all his food trays and starve himself in order to recieve these items and this was atypical and significant hardship due to losing about 20 pounds since being in Seg. Plaintiff was denied liberty interest in being able to send out mail and Due Process depriving me of property interests enforcing "Pink Tag" on me

19.) Upon personal knowledge, no disciplinary hearing was given to plaintiff by Joshua A. Shoenbeck or Alex A. Maldonado claiming plaintiff refused arbitrarily. Plaintiff wrote both Emergency and regular grievances on issue but grievances were never answered therefore there was no Due Process, fundamental fairness either and Due Process also was violated by John Doe (Valroy) for not answering grievances and Anthony Wills for not answering grievances. Plaintiff attached a written statement with grievances as well. Discipline was imposed on me without a hearing violating Due Process by Anthony Wills and Adj. Committee.

20.) Upon personal knowledge Garcia did not allow plaintiff to send out a legal deadline on a visit and was threatened to not recieve a visit if I made it an issue. This is also Due Process violations denying me liberty interest of mailing out legal mail.

21.) Upon personal knowledge on 7/20/23 I put kite to both John Doe Personal Property officers to send property two weeks in but no answer was given nor was Due Process depriving me of liberty interest of mailing out legal mail and providing legal materials, and property interest also there was no fundamental fairness to state procedures in this "Pink Tag" policy.

(4)

22.) Upon personal knowledge on 7/21/23 there was argument between Garcia and plaintiff about a court order deadline in the Northern District because he did not want to get plaintiff's legal materials from property, continuously denying me property interest of basic necessities

23.) Upon personal knowledge on 7/22/23 two prisoners were allowed to get their legal property but not plaintiff by Garcia and John Doe #1 of #2 Personal Property Officers violating Due Process ~~...~~ of property interest of basic necessities.

24.) Upon personal knowledge on 7/25/23 more property were brought to two prisoners on my gallery and I never recieved mine by Garcia and John Doe #1 of #2 Personal Property Officers violating Due Process and ~~denying property interest of basic necessities~~.

25.) Upon personal knowledge on 7/30/23 more property came for other prisoners except mine by these same ~~these~~ officials

26.) Upon personal knowledge on 8/3/23 John Doe (Valroy) came on gallery and I told him about him not answering grievances, personal property, no disciplinary hearing and asked for Clinical Services but he never provided none violating Due Process ~~not providing Clinical services either~~ against plaintiff failing to act on information provided and can be held liable for these violations as well not doing his job duties

27.) Upon information and beliefs a grievance is a documented complaint in prison that are filed by a prisoner to get any and all issues Resolved either through his/her counselor, the grievance officer, the Chief Administrative Officer or the Administrative Review Board in Springfield.

28.) Upon personal knowledge and experience in the prison system the grievances are one sided, partial, bias, inadequate post-deprivation remedy, and not fundamentally fair on any level. There is also a conflict of interest in the grievance procedure because the majority of all correctional counselors, grievance officers and even the Chief Administrative Officer have been a correctional officers before becoming a counselor. This creates the conflict of interest, and it becomes a staff versus prisoner scenario where a prisoner can never win a grievance and protect his/her Rights of the U.S.C. The grievances are bias, arbitrary, capricious and not fundamentally fair because they're either denied or never answered in accordance to IDOC policy and procedures. Therefore Due Process doesn't exist because a prisoner has to rely on his state post-deprivation remedies for any relief but can't win because of the arbitrariness of the whole (5.) procedures.

29.) Upon personal Knowledge every grievance that plaintiff filed in Menard C.C. have either been flat out denied arbitrarily or Completely ignored and disregarded with no fundamental fairness and this makes any post-deprivation Remedy inadequate and this violates the 14th Amendment of Due Process. Plaintiffs personal property, mail have all come up missing and confiscated with no opportunity to be heard or not being given fundamental fairness is not just flat out grievances on these issues not being answered and disregarded by all the Correctional Counselors assigned to plaintiff caseload and the grievance officer, Chief Administrative Officer and the ARB member Ryan Kilduff with Latoya Hughes.

30.) All plaintiffs correctional Counselors in Menard were Quick (Restricted Housing) Sara McClure who was plaintiff's first and second level grievance responder where she knowingly lied on the Responses of grievances to cover up the policies + practices implemented in menard. Valroy, Richmond upon personal knowledge, while I was going through everything.

31.) Upon personal Knowledge Ryan Kilduff has also overlooked serious grievances that plaintiff filed while at Menard C.C. providing Rubber stamped answers and not even Reading what's being said in the grievance. If he turns a blind eye to any unconstitutional practices then he is able to be held liable for failure to act. Not providing fundamental fairness without bias and partiality is a Due process violation. Latoya Hughes also saw the issues but did not act on information.

32.) Upon personal knowledge due to all the grievances plaintiff filed that was never answered or processed according to IDOC Adm. Codes and Directives the post-deprivations Remedies are inadequate and fundamental fairness was not provided. Therefore plaintiff is unable to exhaust all administrative remedies in Menard. Fundamental fairness Requires strict scrutiny by any court. Therefore with all these issues in Menard plaintiff has no other choice but to bring this complaint to the Courts because these violations are continuing to occur against the plaintiff. Due process is violated by all listed defendants and plaintiff have exhausted all administrative Remedies that were available and I'm looking for relief by this Honorable Court.



Responsibilities and Liabilities in this Complaint

1.) Anthony Wills is the defendant liable for all the issues of Due Process where all the issues were properly addressed and brought to his attention by plaintiff. Plaintiff wrote many Emergency based grievances that he deemed not an Emergency regardless of the nature or potential dangers presented against plaintiff. Plaintiff also wrote grievances in the normal manner directing for the warden to either be notified and to address them. Plaintiff also wrote personal letter to the warden directly addressing by name to him about violations and even had power of Attorney Beverly call Menard on several occasions in attempt to make Warden aware. Plaintiff is also currently doing excessive punishment that over exceeds the Disciplinary imposed by the warden Anthony Wills signature and this along with plaintiff being treated differently from other prisoners should make Wills liable for not providing relief. Plaintiff recently put Emergency grievance in on 10/2/23 by a cellhouse worker that was never processed by grievance office in menard. He also allows "Pink Tag" being implemented.

2.) Sara McClure is a defendant that have been plaintiff's counselor and currently a grievance officer in menard at the 1st and 2nd level. She is also able to correct any of the violations seen that exist when investigating a grievance without partiality, arbitrariness and with fundamental fairness. Instead she has ignored grievance about no Disciplinary Hearing when those particular grievances goes straight to her when it comes to those issues. She have knowingly lied on grievance responses knowing the policies incorporated in East House were happening to cover up for the CAO's policies. By her not answering the Disciplinary grievance she is violating plaintiff's Due Process and also prejudicing me from exhausting administrative remedies.

3.) Joshua A. Shoenbeck is a defendant a part of the Adjustment committee, who violated my Due Process both times of my Disciplinary Hearings in menard. On 11/9/22 he said to me, "I don't care how many witnesses you have you ain't beating shit in menard," Robert Morris, a prisoner also heard this defendant say to "Scar him" on everything" referring to plaintiff on 11/9/22 Hearing. (see affidavit) This shows this defendant was not an impartial Fact Finder and had ill will. On plaintiff's second disciplinary ticket in which he presided on he never gave plaintiff a Disiplinary Hearing on the ticket to have an opportunity to be heard in dispute of the facts and present a defense and said plaintiff refused to show up at the hearing and arbitrarily found me guilty on 7/16/23 trumped up charges ticket violating the fundamental fairness of Adm. Directive 05.15.10 where an offender shall not be found guilty of any infraction without a disciplinary hearing. This also violated 14th Amendment of Due Process having plaintiff in atypical and Significant hardship outside ordinary incidents of prison life where I was subjected to "Pink Tag" policies and arbitrary Rules in menard C.c. being denied property interests and basic necessities for human life.

(8)

4.) Jane Doe (Hearing Committee) was a defendant at my first disciplinary hearing that told me "We know everything about you from Lawrence." This defendant's name was not on the summary report but was present at the hearing on 10/9/22 where I was found guilty arbitrarily.

5) Alex Maldonado is also a defendant that was a member of the trumped up charges that was on the Adjustment committee that did not give plaintiff a Disciplinary Hearing but imposing discipline without fundamental fairness of Adm. Directive 05.15.100 and violating 14th Amendment of Due Process contributing to the Atypical and significant Hardship endured by me in Seg. (7/6/23 ticket)

6.) Donovan Richardson is the defendant who instead of getting plaintiff a Crisis Team lied to Lt. Ward saying plaintiff threatened to kill cell mate or hurt a staff member, falsifying a disciplinary ticket that ultimately sent me to Seg without Due Process. I never recieved a Crisis team when asked for one and I feel there was no Due Process of recieving the Crisis Team. It is upon personal knowledge if any prisoners says they're going to hurt anyone they are placed on Crisis Watch and not sent to Seg for calling for Crisis. Therefore he lied to the Lt. Ward to send me to Seg.

7.) John Doe (Ward) was the defendant that worked on 11/5/22 that arbitrarily walked me to Seg without asking my celly if I threatened him who could of told them I did not threaten him inside the confines of the cell. ~~he got me walked to seg without any property not even a Seg bag and there was no Due Process of giving me a Crisis Team either on this day by Ward, I was subjected to "Pink Tag" without any property of basic necessities violating my Due Process and fundamental fairness of state procedures.

8.) John Doe (Valroy) is a defendant that was plaintiff's Clinical services counselor that never provided plaintiff any clinical services when it was his duty to do so dealing with several issues while in Seg on the 7/6/23 situation being without personal property, having no disciplinary hearing, being in a filthy cell with no hygiene products, selling all my food trays for pens and paper to fulfill legal obligations. All of which were disregarded by him on 8/3/23 while making Rounds in Seg. He did absolutely nothing upon information given to him, nor did he answer any of the grievances I wrote while being back there and he violated my Due Process of exhausting administrative remedies and not resolving any issues his duty calls for plaintiff failing to Act and can be held liable. He disregarded my grievance wrote also on 12/14/22 and many others. Due Process was never provided by this defendant, and there was no fundamental fairness to state procedures dealing with being provided Clinical services as his job duties requires him to do.

9.

9.) John Doe #1 (Personal Property) is a defendant that works 7-3 shift in seg personal property that on both occasions of me going to seg never gave me essential necessities of personal hygiene, legal materials, clothing, books, reading materials both from 11/5/22 through 11/23/22 and from 7/6/23 through 8/18/23 out of personal property depriving me both times of property without fundamental fairness violating the Restricted Housing Administrative Directives and codes and the 14th Amendment of Due process of Atypical and significant hardships, making me have to sell food trays in order to receive these items and losing almost 20 pounds during these time of 7/6/23 through 8/18/23. From 11/5/22 through 11/23/22 he also did not give me property in the winter time when there was no heat ventilation in North 2 building during time. Plaintiff was cold at those times and was in a filthy cell and skin broke out and I was bleeding being subjected to "Pink Tag"

10.) John Doe #2 (Personal Property) is a defendant that also worked same times as John Doe #1 on 7-3 shift in Seg personal property that on both occasions did the same exact thing as John Doe #1 because they work together in the same building putting me through the Atypical and significant hardships and violating fundamental fairness of Administrative Codes and Directives of Restricted Housing and the 14th Amendment of Due process subjecting me to "Pink Tag" denying basic necessities for human life

11.) John Doe (Edwards) was a defendant from 11/5/22 through 11/23/22 never gave me any showers, bed roll, clothing, personal property, personal hygiene, cleaning supplies or legal and reading materials denying me liberty interest of life's necessities also telling me I was on "Pink Tag" a discriminatory and made up arbitrary rule not in any Administrative Codes or Directives violating fundamental fairness and 14th Amendment Due Process denying property interest as well.

12.) John Doe (mailroom supervisor) is a defendant that unlawfully confiscated legal evidence that was sent by plaintiff's mother in tracking number (70210350000225033721) that had 8 affidavits of prisoners that witnessed my mail come in 30 days late, coming up missing without an opportunity to be heard in opposition and notice solely to prevent plaintiff from filing a non frivolous claims in the Court. It was sent on 6/28/23. This defendant violated state and Federal laws and 14th Amendment of Due Process depriving me of liberty interest.

13.) Anthony B. Jones is a defendant on 11/9/22 Disciplinary Hearing that also arbitrarily found me guilty with flimsy evidence and not calling and bringing witness to the hearing to dispute charges of threatening to kill him. This defendant signed off on the punishment imposed on plaintiff. Calling this witness was not any kind of security threat to these ~~proceed~~ proceedings and he subjected me to the living conditions mentioned with the ⑩ "Pink Tag" with other defendants.

13.) Garcia was my gallery officer from 7/6/23 through 8/18/23 and never gave me the basic necessities of personal hygiene, cleaning supplies, or an operable toilet for the ~~seven~~ then days in Seg. Garcia never gave me my legal materials or he did not provide any assistance in recieving these items while I was in Restricted Housing making me sell my food trays starving myself to recieve life necessities along with the paper and pens to fulfill a Northern District Court Deadline. Garcia denied me mental health attention denying me Crisis Teams or ability to talk to a superior to get assistance with legal affairs, Everytime I asked Garcia for any assistance the conversations would get hostile. This was a violation of fundamental fairness of the Adm. Codes and Directives of Restricted Housing, a denial of life necessities, including denying the ability to send out legal mail on a visit on 7/17/23 denying a liberty interest solely to harrass me. Plaintiff loss almost 20 pounds in seg and plaintiff was never brought the personal property until the 32-nd day of being in Seg without Garcia working the day I finally recieved my property. This was Atypical and Significant Hardship for me. This went on from 7/6/23 through 8/18/23 and was a violation of the 14th Amend. of Due Process, keeping me on "Pink Tag" the whole time I was back there.

14.) Ryan Kilduff is a defendant that works for the ARB in Springfield and have arbitrarily overlooked a grievance about how Menard's grievance policy was not being adhered to by not answering the grievances wrote while in Seg and many other issues plaintiff was suffering in menard, This defendant violated Due Process by not being fundamentally fair or impartial. He completely ignored the content in the grievance. He has the power to correct any violations that are happening in any IDOC facility but instead he turns a blind ~~eye~~ eye to all issues being presented before him. This makes him liable for failing to act and not correcting the violations with no sufficient reason to deny other than being arbitrary and taking the side of the prison, He picked one issue in a grievance but disregard all the other issues I brought up about menard's policies and practices (see ARB response) (.

15.) Latoya Hughes is also a defendant that works for the ARB in Springfield and also sided with Ryan Kilduff as the Acting Director and she also turned a blind eye to these same illegal practices ignoring all my claims in the grievance. Therefore as stated earlier the grievance process is one sided, not fundamentally fair to the state procedures and I cant protect my rights of the USC because the post deprivation remedies are inadequate. Fundamental Fairness requires "strict scrunity" from any court of Law. She have violated my Due Process as well.

(11)

7.) Grievance dated 11/28/22 was never answered by John Doe (Val Roy) Plaintiffs correctional counselor in P.C. that never provided clinical services either. Plaintiffs could not exhaust remedies because of this making the remedies inadequate because of what was said about all grievances I wrote in Southern District.

8.) Grievance dated 12/4/22 was never answered by John Doe (Val Roy)

9.) Reciept of grievance #114-5-23 of the grievance I wrote addressing the warden Anthony Wills, the Chief Administrative officer of Menard that he never addressed and completely disregarded.

10.) Grievance response from Sara McClure that was not answered within 60 days of the old policies of grievance responses and there was no fundamental fairness of state procedures and was answered after I filed complaint already. Also, she lied on the response because in East House they put this cellhouse on lockdown excessively and no other cell house goes through this but East House.

11.) Envelope labeled Exibit 10 is the blanke envelope I put letter in directing it to Anthony Wills.

12.) Letter labeled Exibit 10 was the letter I wrote to Anthony Wills that he disregarded never responding to, regardless of the content or concerns of plaintiffs.

13.) Affidavit of Dustin Haynes is when I was in Seg selling all my food trays for basic necessities and pens and paper and could not get no help because of C/O Garcia, my gallery officer.

14.) Affidavit of Ruben Thomas is when I was in Seg selling all my food trays to recieve pens and paper and C/O Garcia lying to me about how long it takes to recieve property.

15.) Affidavit labeled Exibit 19 is from Marcellus French that witnessed everything I was going through in Seg dealing with Garcia denying me opportunity to send legal mail and denying liberty interest.

13.

16.) Affidavit labeled Exibit 20 is from Marcellus French that witnessed everything I went through in Seg.

17.) Affidavit labeled Exibit 25 is from Justin Eastman that witnessed me not reciving a Disciplinary Hearing on the trumped up charges of 7/6/23.

18.) Affidavit labeled Exibit 13 is from Beverly Felton, my POA trying to contact this prison about issues I can't handle through grievances.

19.) Affidavit Exibit 11 is from Jeffrey Quigley who is my celly and going through the same things I went through of being sprayed and property being opened unnecessarily, grievance box not being walked around Rebutting the grievance response of Sara McClure lying about not being on Lockdowns

20.) Affidavit labeled Exibit 12 from Armond Williams is about Menard prison staff and the policies in East House of being denied liberty interests of the taking away of phones access, being on lockdown and other issues that also would rebut Sara McClure lying on a grievance Response about being on lockdowns.

21.) Reciept of grievance # (98-3-23) regarding mail issues was never answered by Sara McClure the 2nd level grievance. (Labeled Exibit 4)

22.) Reciept of grievance # 340-6-23 regarding confiscated property and conduct of TACT Team members labeled Exibit 7 was never answered by counselor Richmond

23.) Order for Northern District Court labeled Exibit shows deadline I had to fulfill that Garcia prevented me to send out and provide property so I could get it done.

24.) Written Statement labeled Exibit 21 was wrote for Disciplinary Hearing that I never Recieved By Joshua A. Sheenbeck and Alex Maldonado. This written statement was also attached to a grievance about Disciplinary Hearing that Sara McClure did not answer At the second level.

(14.)

25.) Reciept of grievance #293-7-23 about mail was never answered at the first level by John Doe (valroy)

26.) Reciept of grievance #370-7-23 was an Emergency grievance going directly to Anthony Wills about not recieving Disciplinary Hearing but was never answered by the CAO

27) Grievance labeled Exibit 24 is a grievance that ~~one~~ was wrote about Garcia, Disciplinary Hearing etc. and was never answered by John Doe(Valroy).

28.) Reciept of grievance #462-7-23 about ~~disciple~~ not having disciplinary hearing etc. that was never answered by Sara McClure.

29.) Reciept of grievance number 462-7-23 about not having hearing and the returning of my written statement in which I put in the grievance ~~and~~ box together attached with a piece of tape that someone took ~~off~~ unattached it from my grievance trying to cover up my defense, I never sent a Kite to the grievance office, I wrote it in the grievance that I'm attaching a written statement in defense to the ticket.

30.) Grievance checked for EMERGENCY labeled Exibit 26 was never answered by the grievance office nor was a ~~reciept~~ reciept provided to even say they recieved about living conditions and not being provided clinical services, medical attention, etc.

31) Reciept of grievance #32-8-23 was never answered by Sara McClure about the ODR etc.

32) Reciept of grievance #106-823 about unlawfully my State governmental pay being taken ~~away~~ away from me taking away a liberty interest without a hearing or opportunity to be heard was never answered by John Doe valroy.

33.) Reciept of grievance #164-8-23 that was deemed an emergency by Anthony Wills has still not been answered by whomever and this was the FIRST time ever that a grievance of mine in almost 16 years be deemed an Emergency which should show all Due process issues in IDOC.

(15.)

34.) Reciept of grievance #163-8-23 that not only was deemed non-greivency by Anthony Wills but was never answered by John Doe Valroy.

35.) Reciept of grievance #364-8-23 was never answered by John Doe Valroy.

36.) Reciept of grievance # 365-8-23 about missing property never answered by John Doe Valroy.

37.) Affidavit wrote by Ricardo Figueroa, saw me have to throw my greivances over the gallery to show I properly placed grievances in the box some that were never answered.

38.) ARB response from Ryan Kildulf and Latoya Hughes denying all issues arbitrarily and, without fundamental fairness of state procedures turning a blind eye to the violations plaintiff endured in Menard and not addressing all the issues listed when its in their power to do so and charge violations. Therefore, they can be liable in this complaint.

39.) There are more Affidavits that will be sent to court by plaintiff's Power of Attorney Beverly Felton due to them not being given to plaintiff despite tracking number (70210350000225033771) being on the package of Affidavits against Menard in the future of this complaint.


It is upon personal knowledge that all listed defendants are all liable for the violations in this complaint and plaintiff have focused on one claim that arose from a series of transactions or occurences and should be allowed to proceed against defendants listed by this Honorable Court in this case.


(16.)

## Exhaustion

Plaintiff have exhausted all available administrative remedies that were available despite being impeded and frustrated from doing so where defendants failed to answer them in accordance with IDOC Adm. Codes and Directives not providing fundamental fairness to the procedures violating my Due Process. All post-deprivation remedies are inadequate towards the plaintiff.

## Relief Requested

1.) Compensatory and Punitive damages for all the mental, emotional, and physical pain endure by plaintiff by defendants.

2.) Transfer from Menard Correctional Center to a prison more adequate to tend to plaintiff's needs, that will protect my Rights of the United States Constitution and does not have these Due Process issues and are fundamentally fair to state procedures without arbitrariness.

3.) An injunction for all these unconstitutional policies and practices to cease immediately and a restraining order to prevent any retaliation from filing this complaint.

4.) Appointing an attorney that can properly file the injunction and temporary restraining order because plaintiff is not experienced in filing them.

5.) Plaintiff have stipulations that might resolve the conflict of interest Due Process issues in IDOC that will be brought out in the future if allowed to proceed against defendants.

6.) Immediate transfer as emergency measures to prevent any retaliation by defendants and all the other prison staff in Menard C.C. for safety purposes.

7.) Whatever else this court deems appropriate in this matter

8.) Expunge all tickets for Due Process violations of plaintiff's Rights of USC that denied witnesses and denied me a Disciplinary Hearing.

Pursuant to 28 USC 1746, I declare, under penalty of perjury, that I am a named party in this complaint and that the aforementioned complaint I'm providing the court is not taken maliciously neither frivilously and only in good faith and I believe the contents herein are true in substance and facts.

Date: 11/08/23

/s/ Martin Lyons
Martin Lyons
#M-19540
Menard C. C.
PO Box 1000
Menard, IL 62259



11-7-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Lyons, Martin                          M19540
_____                    _____
Name                                   ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?          Yes or (No)

    If this is a habeas case, please circle the related statute:  28 U.S.C.  2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?          (Yes) or No

    If yes, please list case number: 3:23-CV-62801-SPM

    If yes, but you do not know the case number mark here: _____

3.  Should this document be filed in a pending case?          (Yes) or No

    If yes, please list case number: 3:23-cv-02801-SPM

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted:          75

5.  If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

    Name of Document                                     Number of Pages

    — First Amended Complaint                                22

    — Exhibits                                               53

    _____                          _____

    _____                          _____

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.

EXIBIT 35

# STATE OF ILLINOIS · DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | | |
|---|---|---|---|---|
| **Name:** LYONS, MARTIN | | **IDOC Number:** M19540 | | **Race:** BLK |
| **Hearing Date/Time:** 11/9/2022   09:16 AM | | **Living Unit:** MEN-W-03-10 | | **Orientation Status:** N/A |
| **Incident Number:** 202201650/1 - MEN | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 11/5/2022 | 202201650/1-MEN | RICHARDSON, DONAVAN T | WEST CELLHOUSE | 10:30 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 206 | Intimidation Or Threats | Guilty |
| 304 | Insolence | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| **No Witness Requested** | | | |

## RECORD OF PROCEEDINGS
- Individual in Custody Lyons, Martin M19540 appeared before the committee and plead not guilty stating "Did ask for a crisis team."

## BASIS FOR DECISION
Based on the observation of the reporting employee, while assigned to 8 & 10 Gallery in the West Cell House. I was conducting a routine gallery tour on 8 Gallery when Individual in Custody Lyons, Martin M19540(resides in Cell 8-07) stated his tablet had been broken for some time and that was his main way of communicating with his family. Lyons then stated he wanted a crisis team member and threatened to kill his cellmate and hurt staff if a crisis team member was not provided. Lyons was identified by State Issued ID and O360.
- Committee finds Individual in Custody guilty based on information provided and accepts the written report to be a factual account of the incident and is satisfied the violations occurred as reported.
- Individual in Custody Lyons, Martin M19540 has a history that includes multiple citations for same charge on 9/29/22, 7/20/22.
- Adjustment Committee called Individual in Custody Timm Y31234 as a witness at 11:10am on 11/9/22 as requested by Individual in Custody Lyons, Martin M19540, and Individual in Custody Timm stated "I didn't witness anything."
- Individual in Custody Lyons, Martin M19540 provided the Adjustment Committee a written statement during the hearing that states in summary: "I asked for a crisis team member because of my personal property issue. I never did threaten to kill him or hurt staff or anybody for that matter."

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 21 Days  Segregation | 21 Days  Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |
| **Basis for Discipline:** Nature of Offense | |

## Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| SCHOENBECK, JOSHUA A - Chair Person | *Signature* | 11/09/22 Date | WHI Race |
| JONES, ANTHONY B | *Signature* | 11/09/22 Date | BLK Race |

Recommended Action Approved

**Final Comments:** N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** LYONS, MARTIN | **IDOC Number:** M19540 | **Race:** BLK |
| **Hearing Date/Time:** 11/9/2022   09:16 AM | **Living Unit:** MEN-W-03-10 | **Orientation Status:** N/A |
| **Incident Number:** 202201650/1 - MEN | **Status:** Final | |

ANTHONY D WILLS / ADW  12/13/2022
**Chief Administrative Officer**

_(signature)_

**Signature**

12/13/22

**Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_(signature)_  M.Severs

**Employee Serving Copy to Committed Person**

12-22-22   1500

**When Served  -- Date and Time**

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec:                                                                                                2nd Lvl rec:

| Date: 11/10/22 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |

Present Facility: Menard     Facility where grievance issue occurred: Menard

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit
- [x] Other (specify): Arbitrary Rules that don't exist in the Adm Code

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Summary of Grievance:**

On this day on 3-11 shift grievant was denied showers. In fact grievant has been in Restricted Housing since 11-5-22 and have not been allowed any showers on 3-11 shift. The 4 gallery officers have all arbitrarily made their own rules of denying prisoner showers in violation of Adm Code 504.620 (g) which states "Personal health and hygiene needs of the committed person shall be permitted as follows: 1.) A shower and shave no less than three times per week." Grievant has already been deprived showers two times with today making it the third time

[x] Continued on reverse

**Relief Requested:**

grievant has been denied showers in violation of Adm Code 504.620 (g). Also grievant has not been allowed video visits in violation of Adm Code 504.620 (J) Visits shall be permitted in accordance with 20 Ill Adm Code 525 Subpart A. Grievant is not on C grade therefore should be allowed video visits and not be restricted. Grievant want showers and video visits based on 20 Ill Adm Code 504.620(g) and (J).

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[x] Check if this is NOT an emergency grievance.

Martin Lyons     M19540     11/10/22
Offender's Signature     ID#     Date

Counselor's Response (if applicable)

Unit N2-411    cell 1

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

| | | | |
|---|---|---|---|
| 1st Lvl rec: | | | 2nd Lvl rec: |

| Date: 11/14/22 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |
|---|---|---|---|

| Present Facility: Menard | Facility where grievance issue occurred: Menard |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report   11/5/22 *Date of report*
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Due Process / Conspiracy / Retaliation / Denying witness with no Bas for Disregarding Evidence
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Menard *Facility where issued*

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

Grievant is continuing to suffer at the hands of IDOC and there is a connection with Lawrence C.C. and Menard C.C. grievant's constitutional rights are continuously being violated arbitrarily by the Adjustment Committee represented by IDOC. On 11-5-22 grievant called for a Crisis Team Member while residing in W-80n. C/o Richardson has falsified an IDR against grievant stating "He (grievant) then stated he wanted a Crisis Team Member and threatened to kill his cellmate. Grievant never threatened cellmate that resided in cell W-80n, with grievant on 11-5-22. Grievant was told by cellmate that

[x] *Continued on reverse*

**Relief Requested:**

cellmate would be a witness to grievant's ticket verbally. Once grievant received IDR, grievant put down cellmate and put cell number as well down as a witness and what the witness would say. On 11/9/22 grievant provided Adjustment Committee members a written statement with the same factual evidence that grievant was innocent of all changes but was arbitrarily found guilty by the Adjustment Committee members.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check if this is NOT an emergency grievance.

| Martin Lyons | M-19540 | 11/14/22 |
|---|---|---|
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

| Counselor's Response (if applicable) | Date Received: _____ | [ ] Send directly to Grievance Officer |
|---|---|---|

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Assigned Grievance #/Institution:

Housing Unit: P2-411    Bed #: 1

1st Lvl fac:

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

2nd Lvl rec:

and violated grievant's 14th amendment of Due Process by arbitrarily denying witnesses of grievant with no basis for decision of disregarding exculpatory evidence and never went to talk to the witness about grievant threatening to kill him. The members told grievant that he will never beat a ticket as long as he lives in Menard and IDOC wins all the time."

These unconstitutional practices and blanket policies continues to go on against grievant since Lawrence C.C. and Menard is clearly connected to this conspiracy to violate grievant by continuing to arbitrarily place grievant in Segregation and violating Due Process by not interviewing any witnesses that provides exculpatory evidence to prove grievant's innocence. Adjustment Committee never provided Summary Report after many requests by grievant.

## Relief Requested

1) Transfer from Menard immediately because there is a clear connection by the words of the Adjustment Committee members, towards grievant that he will never beat any ticket as long as he lives in Menard and that IDOC always wins all the time.

2) To punish C/o Richardson for falsifying IDR according to Administrative Directive of Staffs Conduct and knowingly falsifying tickets to hurt intentionally.

3) $500.00 for every unconstitutional day spent in Segregation because of this incident.

STATE OF ILLINOIS
COUNTY OF RANDOLPH }

## Affidavit

I, Robert Morris (I.D.O.C.# R21372) wrote this affidavit on or about : 11/21/2022 (monday) @ approx. 11:22 a.m, here in the Menard Corr. Cen. (North² Cellhouse/cell #409). In which I've been having to witness Martin Lyons (I.D.O.C.# M19540) whose in (North²: as well/cell #411), go for over 12 days without any of his "own personal property" (as the "D.R." Rule & Policies quote : when speaking about property released while in Seg/Restricted Housing).

I overheard Martin on numerous occasions state how he has no: Rags to clean with, no soap or disinfect, bleach or anything. And that it was freezing cold in his cell and that the police didn't even supply/provide him with a bedroll and blankets. Therefore I had to supply him with some of my personal things. And this is because prison officials scarred him due to an evil plan that I overheard the Adjustment Committee state on: 11/09/22, which was; "scar him on everything and we're smoking him on this ticket since he wants to play crazy & Hell we won the court ruling on "Rasho" so we can get away with murder here!" Martin never received his stuff

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 USC 1746 18 USC 1621 or 735 ILCS 5/1-109. I declare under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge

DATE: 11/23/2022
(wednesday)

/s/ Robert Morris
Name: Robert Morris
I.D.O.C # R21372
Menard Corr. Cen.
P.O Box #1000
Menard Ill., 62259-0711

STATE OF ILLINOIS

COUNTY OF RANDOLPH

## SWORN AFFIDAVIT

I, DION THOMPSON #M18222 HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF:

I, DION THOMPSON #M18222 FIRST CAME TO MENARD CORRECTIONAL CENTER JANUARY OF 2012, ON A SEGREGATION TRANSFER FROM LAWRENCE CORRECTIONAL CENTER. UPON ARRIVAL, I WAS PLACED IN A CELL BEHIND A STEEL DOOR CELLED ALONE. I ATTEMPTED TO ATTEND SEGREGATION RECREATION WHEN I WAS TOLD BY SECURITY STAFF THAT I WAS ON "PINK TAG" AND WASN'T ALLOWED TO ATTEND YARD FOR 30 DAYS.

I, DION THOMPSON #M18222 CAME TO MENARD A SECOND TIME IN THE SUMMER OF 2019 ON A SEGREGATION TRANSFER FROM PINCKNEYVILLE CORRECTIONAL CENTER. I WAS PLACED AGAIN IN A CELL BEHIND A STEEL DOOR CELLED ALONE. I THEN ATTEMPTED TO ATTEND SEGREGATION RECREATION WHEN I WAS TOLD BY SECURITY STAFF THAT I WAS ON "PINK TAG" AND WASN'T ALLOWED TO ATTEND YARD FOR 30 DAYS. THIS PINK TAG IS AN UNWRITTEN POLICY.

EACH TIME I WAS IN MENARD SEGREGATION UNIT, I WAS FORCED TO WAIT OVER 30 DAYS TO HAVE POSESSION OF MY PROPERTY. I WAS ALSO FORCED TO WAIT 7 DAYS TO TAKE A SHOWER, AGAIN THIS IS AN UNWRITTEN POLICY.

PURSUANT TO 735 ILCS 5/1-109 I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

STATE OF ILLINOIS )
)
COUNTY OF )

## AFFIDAVIT

I ___DEvonta WilliAms___ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

From MAY 7 07 2022 to August 7 2022 I was placed in seg in menard, In Menard they had policies that were not even written in any IDOC 20 IllADM! codes such as No showers for 7 days Initially No yard for frist 30 days in seg and place you in something the Called PiNK tAg which are their own Rules, None of these policies are stipilated in the 20 Ill Am. Codes

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this __11__ day of __26__ 20__22__

___DEvonta WilliAms___

**Affiant**

Housing __W-310__   Bed __Single__

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 11/28/22 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |
|---|---|---|---|
| 1st Lvl rec: | | | 2nd Lvl rec: |

| Present Facility: Menard | Facility where grievance issue occurred: Southern District IDOC facilities Lawrence and Menard |
|---|---|

**Nature of grievance:**

☐ Personal Property  ☐ Mail Handling  ☒ Medical Treatment  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ HIPAA
☐ Transfer Denial by Facility  ☒ Other (specify): Continued Conspiracy / Retaliation / Violations of all USC Rights  ☐ Restoration of Sentence Credit
☐ Disciplinary Report

Date of report _____   Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

In this particular grievance, which is a continuation of all grievances that grievant has filed since being in the Southern Region and District of Illinois being in Lawrence C.C. and Menard C.C. has no particular incident date. Grievant have exhausted all administrative remedies that were available to him at the institutional level therefore grievant does not have to write those grievances all over again non address those concerns respectively. There have been many grievances filed that were never responded to ever ignored arbitrarily by both Lawrence C.C. and Menard C.C. Therefore, grievant will

☒ Continued on reverse

**Relief Requested:**

Send this grievance straight to Springfield with the intention of filing a 1983 Civil complaint against Idoc and Lawrence C.C. and Menard C.C. combined, right afterwards for the continued conspiracy, retaliation and all violations of the United States Constitution. The ARB will have to look into all grievances filed including, the ones that Lawrence C.C. never provided grievant with the reciept of the notices of recieved grievances which is violation

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

| Martin Lyons | M-19540 | 11/28/22 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**   Date Received: _____   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____
_____
_____

Assigned Grievance #/Institution: _____

1st Lvl rec: _____

Housing Unit W-31C   Bed #: 1

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

---

& Court Access.

Over the past 2 months starting at September 29, 2022 through November 26, 2022 grievant have been denied grievances, money vouchers, pens, Manilla envelopes, write outs, Blank envelopes, 1983 civil complaint forms, proof of service forms, affidavits, and other access to the courts like access to law library, excess legal boxes of personal property etc. Grievant wrote law library many kites but was ignored.

Over this time grievant has been unlawfully placed in Segregation and it was arbitrarily done by Lawrence C.C. and Menard C.C. on multiple occasions which will be litigated in future complaints. Grievants living conditions were horrendous while being placed in these inhumane seg conditions. Grievant was not allowed yard from 9-29-22 to 10-22-22 then again from 11-5-22 to 11-23-22. Grievant was labeled a "Red Tag" in Lawrence C.C. and a "Pink Tag" in Menard which is discrimination, unlawful and an equal protection of the law violation. Grievant was placed in nasty filthy environmental cells with no cleaning supplies that were effective that caused grievants skin disorder to flare up on multiple occasions, in Lawrence C.C. From 11-5-22 to 11-23-22 grievant was arbitrarily placed in Segregation for a ticket that grievant had listed witnesses that were not called. Grievant was not provided any personal reading or legal materials no books, photos, letters, magazines etc. Grievant wrote many kites to counselor Black, personal property and law library for writing and legal materials but was ignored. Grievant wasn't allowed any yard privileges arbitrarily with a policy that grievant has to be in seg 30 days before being allowed to the yard. Grievant was not allowed a shower for seven straight days which is also an unwritten policy incorporated in Menard. Grievant was not allowed to see a doctor when skin disorder flared up and bleeding simultaneously. Grievant had no clothes, no soap or hygiene products, no sheets, or blankets to cover up at cold nights, there was no heat or ventilation the whole time grievant was in seg. Everytime grievant asked a correctional officer for a grievance or any assistance grievant was ignored. Grievant called for a Crisis Team on many occasions but was denied by C/O Edwards, and MH Keller of Mental Health Emergencies by all Mental Health people. Inventory wasn't done until 11-23-22 Release date.

Over this time every video visit grievant has scheduled with mother was cancelled to solely harass grievant for many grievances filed in retaliation. There were never any legit reasons like lockdown or other security means to cancel visits. Grievants mother's phone number has been arbitrarily blocked and its been over four months since grievant talked to mother which is cruel + unusual punishment and also a conspiracy to injure with malice and ill will. Grievants depression has become severe and no Mental Health have talked to grievant even though many kites were wrote and Crisis Teams were called. Even on 11-5-22 after calling for Crisis grievant was denied, and was sent to seg with a falsified IDR, on the

6-310                    Single

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

1st Lvl rec:                                                                        2nd Lvl rec:

| Date: 12/4/22 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |

| Present Facility: Menard | Facility where grievance issue occurred: Lawrence Menard and Pickneyville |

**Nature of grievance:**

- [x] Personal Property
- [x] Staff Conduct
- [x] Transfer Denial by Facility
- [ ] Disciplinary Report

- [x] Mail Handling
- [ ] Dietary
- [x] Other (specify): Discrimination / Equal Protection / Conspiracy / violations of the Constitution)

- [x] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____   Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Boa
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug
issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

Grievant has been in Menard since 10/22/22. Ever since grievant been here I have not been allowed law library access, access to any grievances or grievance boxes. The officers do not walk around with the grievance box daily. The officers do not provide a grievance by request either so grievant has no other access to a grievance, forms on the ability to put grievance in has no/grievant access. The last 4 grievances I turned in have not been processed nor have the grievance office sent the receipt of the notice or recieved grievance papers to grievant which prejudices grievant to bring any non-frivilous claims in the Federal

[ ] Continued on reve

**Relief Requested:**

Courts of law. Grievant has wrote every counselor (Mcclure, Quick and current 3 gallery counselor 6 PC) multiple times reduepantly for pens, manilla envelopes, Commissary price list, and other miscellaneous items that Commissary did not sell grievant 1 or 11/3/2 Grievant have been ignored, disregarded and basically denied any access to the required legal items for access to courts. A Counselor's duty is to handle any affairs thats out of grievant's

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check if this is an NOT an emergency grievance.

| Martin Lyons | M-19540 | 12/4/22 |
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

**Counselor's Response** (if applicable)   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____
_____
_____

Assigned Grievance #/Institution: _____

Housing Unit: ᴾ-310   Bed #: Single

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

certain but has been bias and prejudice to grievants needs which shows violation of Equal Protection, Due Process, and interference with court access. This is presumed Retaliation also for the grievance I filed on 8/9/23 that was never processed.

Grievant have wrote personal property on many occasion's asking for access to excess legal boxes 1 through 3 but was not provided a response, nor was allowed any access to legal boxes. Grievant fears that Lawrence C.C. never sent grievants property to Menard when transferred. Grievant bought law dictionaries as well and never signed for it so I want my money to be put back or my books immediately.

Grievant has put many kites, request slips, emergency request slips which is not sufficient access to courts to bring a Pro-Familiar claim, to see a doctor for many of grievants lingering issues but has been disregarded and ignored. Last time grievant saw a nurse was on 11/14/22 when grievant was told that there aren't any doctors but only nurse practitioners which is a clear "deliberate Indifference violation" of the Constitution. Grievant has been denied many sick call requests since being in Menard. Grievants pain and suffering continues at the hands of the Southern District prisons because grievants medical issues are always overlooked, trumped over, denied, made minor. On this day, the RN that gave grievant Baby Shampoo told grievant, "If you're not dying you're not going to be seen, it's that simple for you simpleton!" Grievant does not know this RN's name.

In the Southern District prisons in Menard, Lawrence, Pickneyville, everytime grievant asks prison officials for a grievance, mental health care, health care, medical attention, or puts in any kite, request slip, access to law library, personal property, ask to use the kiosk machine for communication to family and friends or anything for that matter, grievant is denied, ignored and disregarded. There is also no way grievant is able to properly document these deliberate denials for there is no sufficient tracking system in these Southern District prisons for any proof for court purposes to show these Equal Protection and Due Process Denials.

There are no real mental health doctors or providers in this Southern District Region or/ unqualified RN's and medical personnel that has no expertise with mental health needs. Grievant is on caseload but does not see any mental health providers at all. Grievant is not allowed groups or any kind of movement or recreation outside of the cell. Grievant is not allowed access to the kiosk machine to communicate with family and friends in violation of 1st Amendment when grievant does not own a Tablet to use email service. Grievants subscription is constantly wasting away which is wasting grievants money spent on it. Nothing is being done to stop subscription from wasting away or to assist grievant in buying another Tablet (2nd one) which is already defectively sold. Grievant is not offered a State loan until being able to buy another one.

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 05/08/23 13:11:34:507 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | E -10-09 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received emergency grievance #114-5-23 regarding lack of privileges/discrimination dated 5/3/2023 sent to CAO for expedited review.

**Print Date  5/8/2023**

E-10-09

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO INDIVIDUAL IN CUSTODY'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 07/06/2023 | Date of Review: 09/12/2023 | Grievance #: 341-6-23 |
| Individual in Custody Name: LYONS, MARTIN | | ID#: M19540 |

**Nature of Grievance:**

Other (court access/grievance box)

**Facts Reviewed:**

Individual in custody submitted a grievance dated 06/12/2023 grieving that from 05/28/2023-06/04/2023 he was denied access to the grievance box because the facility was on lock down and grievant does not go to yard.

Relief Requested: If there is no grievance box to be walked around in East House then grievant is being prejudiced from court access in Menard. There needs to be a grievance box in Menard's East House. By grievant being on lock down with no access to grievance box the prison officials are frustrating grievant's non-frivolous claims by not walking around with the grievance box on 3-11 shift according to IDOC policies and rules.

Counselor responded on 06/23/2023.

Grievance Office reviewed on 09/12/2023: The facility was not on lock down during stated time frames. Thus, it is not required to walk grievance boxes onto the galleries. Grievant had 5 call passes scheduled for time frame giving him an opportunity to utilize the grievance box outside of yard.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be MOOT.

| | |
|---|---|
| Sara McClure - Menard Correctional Center | *Sara McClure* Digitally signed by Sara McClure Date: 2023.09.12 11:08:14 -05'00' |
| Print Grievance Officer's Name | Grievance Officer's Signature |
| **(Attach a copy of Individual in Custody's Grievance, including counselor's response if applicable)** | |

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: MEN SEP 13 2023 | ☑ I concur   ☐ I do not concur   ☐ Remand | |
| Action Taken: | | |

*G. W̶a̶y̶e̶*      9/14/23

Chief Administrative Officer's Signature      Date

| Individual in Custody's Appeal To The Director |
|---|
| I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.) |

Individual in Custody's Signature      ID#      Date

RECEIVED
JUN 20 2023

Housing Unit: E-1009  Bed #: 2

1st Lvl rec: _____  Office #/institution: _____     2nd Lvl rec: _____

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

| Date: 6/12/23 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |

Present Facility: Menard     Facility where grievance issue occurred: Menard

**Nature of grievance:**     341-6-23 Men

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☒ Other (specify): Court Access/Grievance box
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

RECEIVED
JUL 06 2023
MENARD CC
GRIEVANCE OFFICE

Date of report: _____  Facility where issued: _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

> Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
> Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
> Chief Administrative Officer, only if EMERGENCY grievance
> Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

From the week from 5/28/23 to 6/4/23 (don't know exact date) grievant was asking gallery officer Westerman for him to bring grievant the grievance box on 3-11 shift and he said, "I never heard of a grievance box being on this shift." Grievant told him, "There is supposed to be a grievance box that yall walk around with when were on lockdown in every unit." Westerman said, "Well I never heard of that and there is no grievance box for East House except the one you put in when you go to the yard." Grievant said, "I don't go to the yard." Westerman said, "Oh well I don't know man." Then walked off.
Westerman
☐ Continued on reverse

**Relief Requested:**
If there is no grievance box to be walked around in East House then grievant is being prejudiced from court access in Menard. There needs to be a grievance box in Menard's East House. By grievant being on lockdown with no access to grievance box the prison officials are frustrating grievants Non frivolous claims by not walking around with the grievance box on 3-11 shift according to IDOC policies and rules.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is NOT an emergency grievance.

Martin Lyons   M-19540   6/12/23
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: 6-22-23   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**
Cell House Major contacted. Grievance box is walked around on 11p-7a shift

Richmond   Richmond   6-23-22
Print Counselor's Name   Sign Counselor's Name   Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____ Date _____

Distribution: Master File; Offender   Page 1 of 2   DOC 0046 (Rev. 01/20)

7B Staff Conduct, Access to grievance box

To: Warden Anthony Wills

From: Martin Lyons #M-19540 E-1009          Exibit 10

I'm currently housed in East House 24 hours a day, 7 days a week. It is to my understanding of the Menard C.C. orientation manual that you are responsible for the overall operation of this facility, the supervision and protection of it's individuals in custody as well as the supervision of staff members. Ultimately, you're responsible for overseeing both programs and operational services of this facility as well as ensuring compliance with all departmental directives and rules. With all this being said, the policies and practices that are being ran in East House are very unconstitutional and it is violating my Equal Protection of the Laws. If you don't know what that means it's the fact that I am being treated differently from other prisoners that are classified as MAX individuals in custody like I am. East House has no night yard, only one yard per week, no Barbershop lines, no school programming or clinical service programs. I'm sure you know this already. I have been on my best behavior since being in East House and I'm currently on A-grade meaning I'm eligible for all institutional privileges. That is not the case in East House. The 7-3 staff have now created some rule that says I can not use the institutional phone during the weekdays but only on the weekends. This is not going on in any other housing unit in Menard. Not only am I being extremely limited with association with family and friends, but I'm constantly being punished being in this chaotic environment where this unit continues to go on Lockdown for fights and gang affiliated issues that has absolutely nothing to do with me. I'm not affiliated with any gangs, I'm on A-grade and I pride myself on staying out the way and out of trouble. I am being treated like I'm on C-grade and in Seg. This should not be happening and this is violating my constitutional rights of the U.S.C. I'm bringing awareness to you to please fix these problems and violations I'm suffering in East House. I'm informing you this to prevent any future litigation of these practices that are considered arbitrary and these policies are not in the 20 Ill. Adm. Directives or Codes. → Back

This is a carboned copy and this letter will be used for court purposes. If you don't recieve this letter then whoever you have designated as the temporary Chief Administrative Officer will be responsible for making sure you are aware of this letter. I take my rights seriously and I'm tired of being in this situation in East house where I'm collateral damage and being punished for no reason, being limited in talking to all my family and friends. I've done nothing wrong to be treated like this and since you overseen all programs and operational services I'm bringing this awareness to you. Thank you for hearing me out and I'm hoping we can come to a mutual solution to these issues I'm enduring in your facility. Have a good day Sir.

Respectfully
Submitted

Martin Lyons

To: Anthony Wills Warden + Chief Administrative Officer

From: Martin Lyons M-19546 E-1009

RE: Important Notice    4/19/23

Exibit 10
"Letter inside"

In the County
of Randolph } ss

Exibit 17

## Affidavit

I Dustin Haynes being first dully sworn under oath depose and state that the following ~~doings~~ matters are both true and correct made upon personal knowledge and belies and if called as a witness, I am competent to testify.

Ever since being in seg with Martin Lyons Ive witnessed him trying constantly over and over again to get paper, Pens and Legal stuff from c/o Garcia but c/o Garcia who is the 3-gallery c/o denies him any help, Martin Lyons has asked for Sergents, Lieutenats even calling for Crisis teams but c/o Garcia has prevented him from getting Any help. Martin Lyons was selling his food trays alot of times Just to get the writing items for his court dead lines. I was hearing his conversations on the ~~second~~ gallery about law Library and personal property are not giving him his stuff and denying him his court access. I also know the he was never given a hearing for his ticket he cought ethier.

( Pursuant to 28 usc 1746 I declare under penalty of persury tha the affidavit Im giving Martin Lyons for his cart process is no Maliciously taken or frivilously taken but only in good faith and Both true and correct in substance and facts.

Date 7-16-23        /s/ Dustin Haynes
        Name: Dustin Haynes
        ID#: B88882
        Address:        Menard. C.C
                Po Box 1000
                Menard, IL
                62259        (Affidavit)

Affidavit Exhibit A

I Rueben Thomas duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness. I am competent to testify there to:

I have personally witness Martin Lyons ask the 5 day officer Garcia on multiple occasions to call personal property because he have a legal deadline in the court, Garcio told him no so it dont matter that he has a deadline, the first time because he said that Martin Lyons is in seg. The second time Martin Lyon asked Garcia he said that is going to take 30 to 60 days for him to get his legal property I Rueben Thomas, receieve all of my property in 5 or 7 days being in seg. I'm witness these things in this affidavit and that Martin Lyon have been talking to every C/O about his legal situation and he is getting no help I had to give Martin Lyon some pens and paper because he was selling his food trays to me for the items, I live 2 cell down from Martin Lyon.

Pursuant to 28 USC 1746, I declare under, penalty of perjuiry that everything in this affidavit is true about everything with Martin Lyon. These are all upon personal knowledge.

Date: 7/17/23

Rueben Thomas
Rueben Thomas
Y20064
Menard C.C
P.O. Box-1000
Menard IL 62259

Exibit 19

## AFFIDAVIT

I, MARCELLUS FRENCH BEING FIRST DULY SWORN
UPON MY OATH DEPOSE AND STATE THAT THE
FOLLOWING MATTERS ARE BOTH TRUE AND CORRECT
MADE UPON PERSONAL KNOWLEDGE AND BELIEF,
AND IF CALLED AS A WITNESS, I AM COMPETENT
TO TESTIFY THERETO;

I AM CURRENTLY HOUSED IN MENARD C.C.
NORTH TWO, CELL # 334. ON JULY 17TH 2023
I HAD A NON-CONTACT VISIT AT 17:50 A.M
(NON-CONTACT VISITS CONSIST OF ONE HOUR
AND FIFTEEN MINUTES) A INDIVIDUAL BY THE
NAME MARTIN LYONS ALSO HAD A NON-
CONTACT VISIT AT 12:50 P.M., I KNOW THIS
THIS BECAUSE MR. LYONS IS CELLED TWO
CELLS NEXT TO ME, IN CELL # 332. WE WERE
NOTIFIED SECONDS APART THAT WE HAD
VISITS BY OUR (ME AND MR. LYON'S) FIVE
DAY GALLERY CORRECTIONAL OFFICER
GARCIA. I COULDN'T DO ANYTHING BUT HEAR

1 OF 2

Mr. _____ He HAS "LEGAL MAIL" THAT HE WOULD LIKE TO SIGN OUT AND OVER TO HIS VISITORS. IN WHICH C/O GARCIA STATED "YOU CANT DO THAT" AND "YOU MUST NOT WANT YOUR VISIT." AS I WAS LEAVING MY VISIT, MR. LYONS WAS GOING TO HIS, IN WHICH MR. LYONS ASKED THE VISITING ROOM OFFICER (C/O TATUM) RIGHT IN FRONT OF ME, IS THERE A MAILING OR HANDING OFF PROCEDURE FOR OFFENDERS AND VISITORS OFFICER TATUM SAID "YES". AS HE WAS EXPLAINING THE PROCESS I WAS ESCORTED BACK TO MY CELL.

PURSUANT TO 28 USC. 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THIS AFOREMENTIONED AFFIDAVIT IN PROVIDING MARTIN LYONS IS NOT TAKEN MALICIOUSLY NEITHER FRIVILOUSLY AND ONLY IN GOOD FAITH AND. I BELIEVE THE CONTENTS HERE IN ARE TRUE IN SUBSTANCE AND FACTS.

DATE: 07·18·2023

MARCELLUS A. FRENCH SR.
#M21081
P.O. BOX 1000
MENARD C.C.

2 OF 2

IN THE COUNTY )
OF RANDOLPH )

## AFFIDAVIT

I, MARCELLUS FRENCH, BEING FIRST DULY SWORN UPON MY OATH DEPOSE AND STATE THAT THE FOLLOWING MATTERS ARE BOTH TRUE AND CORRECT MADE UPON PERSONAL KNOWLEDGE AND BELIEF, AND IF CALLED AS A WITNESS, I AM COMPETENT TO TESTIFY THERETO;

I HAVE BEEN IN SEGREGATION AT MENARD C.C. SINCE APRIL 29th, 2023. DURING THE BEGINNING OF JULY, MARTIN LYONS MOVED INTO CELL #332 I AM HOUSED IN CELL #334. LYONS WAS ASKING FOR A PEN AND PAPER SO HE COULD MEET HIS LEGAL DEADLINE, I PROVIDED HIM WITH THE NECESSITIES TO HANDLE HIS LEGAL **AFFAIRS**. LYONS INFORMED ME HE WAS FILING/SUPPLEMENTING A LAWSUIT, HE ASK ME HOW AND WHO HANDLES "LEGAL DOCUMENTS" THAT ARE CONFIDENTIAL. I EXPLAINED THERE IS REALLY <u>NO</u> CONFIDENTIALITY EITHER OFFICERS OR LAW CLERKS (REGULAR INMATES) WILL HAVE ACCESS TO YOUR PRIVILEGED DOCUMENTS (LEGAL) SO WHATEVER YOU SEND TO THE LAW LIBRARY CAN BE EXPOSED BY PRISON STAFF AND/OR LAW CLERKS. MR. LYONS INFORM-ED ME HIS WAS GOING TO UTILIZE THE INSTITU-

TIONAL ABONDANT MAIL" WHICH SAID "SEAL" HIS LEGAL DOCUMENTS, BECAUSE HE DID NOT WANT HIS SUIT NOR THE MATERIAL WITHIN THE SUIT TO BE EXPOSED. SOME DAYS LATER THE LAW CLERKS CAME AROUND TAKING REQUEST AND DELIVERING TO THE ALREADY REQUESTED. I HEARD MR. LYONS ASK ABOUT HIS LEGAL DOCUMENTS HE SENT THROUGH "INSTITUTIONAL MAIL" TO BE E-FILED. IN WHICH THE LAW CLERK STATED, IT MAY COME BACK THROUGH INSTITUTIONAL MAIL SINCE THATS HOW YOU REQUESTED. DAYS LATER MR. LYONS STILL HADNT RECIEVED HIS LEGAL DOCUMENTS, HE SPOKE WITH THE 5 DAY GALLERY OFFICER FOR 3 GALLERY NORTH TWO 7AM TO 3PM SHIFT. IN WHICH, THE CONVERSATION GOT HOSTAL AND C/O GARCIA (3 GALLERY CORRECTIONAL OFFICER) YELLED " DO IT LOOK LIKE I CARE ABOUT YOU FILING A LAWSUIT ASSHOLE?" MR. LYONS HAS ATTEMPTED TO CALL FOR LIEUTENANTS, MENTAL HEALTH STAFF AND TO MY OBSERVATION NOBODY CAME TO HIS AID. I ALSO WITNESSED MR. LYONS NOT BE GIVEN A HEARING ON HIS DISCIPLINARY TICKET.

DATE: 07-22-23

Marcellus A. French Sr
#M21081
P.O. BOX 1000
MENARD IL 62259

In the County
of Randolph } ss

Exibit 25

## Affidavit

I, Justin Eastman being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness. I am able to testify thereto; I was housed in N2-133 on the day Mr. Martin Lyons arrived in N2-332, 7.6.23. Based on multiple conversations I've had with Martin Lyons I am aware and can attest to the fact that Martin was not provided the oppertunity to attend and present a self-defense on his behalf at a disciplinary hearing. Violating his due-process rights. I, myself am dealing with the violation of my due process by Menard CC.

Pursuant to 28 USC.1746. I declare, under penalty of Perjury that this aforementioned affidavit I am providing Martin Lyons for litigation purposes is not taken Maliciously neither frivilously and only in good faith I believe the contents therein are true and accurate facts.

Date 7·28·23

/S/ Justin Eastman
Justin Eastman
Y-39253
Menard c c
Po Box 1000
Menard, Il 62259

Exibit 13

STATE OF ILLINOIS)

)   ) SS

COUNTY OF <u>COOK</u>)

## <u>AFFIDAVIT</u>

I, <u>Beverly Felton</u> being first duly sworn under oath depose and state that the foregoing is true and correct upon my personal knowledge and I am competent to testify thereto.

I have contacted Menard Correctional Center on several occasions to assist my son Martin Lyons-M19540 with his complaints in reference to issues that Martin tried to accomplish through the Law Library, and counselor Mr. Valroy regarding the grievances. I spoke with Ms. Shelly Sheldon – Law Library on Monday, 02-05-2023 at approximately 2pm regarding a blank copy of a grievance form and was told that she does not make copies of blank grievance forms, and if a copy is needed, it has to be signed by a higher level person for the inmate to receive a copy, and that Martin needs to speak to his gallery officer if the forms are not in the cell house they may have run out of forms. I said to Shelly Sheldon that Martin asked for the forms on all 3 shifts, and they did not provide the grievance papers that he requested. After explaining everything that took place, Ms. Shelly Sheldon informed me that they do not accept calls from the outside public and did not want to assist further.  However, by law they cannot deny him any type of copies whether they were signed or blank grievance papers. Therefore, it was quite some time before he received the grievance copies. When grievances are not being answered, that makes the grievances prejudices to Martin from any court access because it's about what you can prove when it comes to court. Martin cannot prove anything without the processed grievances. Ms. McClure picked up the grievance, but she did not send it out for processing nor did the grievance officer. Martin needed a proof of service form but did not receive one. Also, there was an issue with the mailroom 11/22/2022 because Martin had not received any mail in 4 weeks. On another incident, I spoke with Mr. Chuck-Supervisor in the mailroom regarding this matter on approximately 01/17/23, and after that conversation, about a day or two later, Martin received a heap of mail after I made a complaint that he had not received any mail. Also, Martin filed a case, and it was still pending because court did not receive any mail from Menard Correctional Center, which was pending because no mail was sent after they took funds from his books to mail out the information. Every time I try to resolve an issue it appears to be almost impossible to do when getting through to administration.  It appears that they do not welcome outside calls regarding inmate issues.

*Beverly Felton*

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _26th_ DAY _June_ , 20_23_

_Andrew J Escamilla_

NOTARY PUBLIC

OFFICIAL SEAL
ANDREW T ESCAMILLA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/15/2024

STATE OF ILLINOIS    )
                     ) SS        Exibit 11
COUNTY OF randolph   )

## AFFIDAVIT

I, Jeffrey Quigley _____ being first duly sworn under oath depose and state
that the foregoing is true and correct and made upon my personal knowledge and I
am competent to testify thereto.

Over the corse of the last 2 to 2½ months I have been
constantly put on level one lockdowns on and off in the east
house in menard. During these times I have not been able
to use the phones to talk to my family and my kids, and I have
nothing to do with this lockdown. In this cell house I live on 10
gallery and there is no ventilation or fans that can soak up all
the hot air by the weather being so hot. I have asthma and it
affects my breathing. There are fans on 10 gallery but they
dont work and have been broken for about 3 months. I am sweating
nonstop through the day and since being on this lockdown with no
movement the police are not passing out any ice to help with all this
heat that is appresive. The police also dose not walk around with
the grievance box so i can write grievances on these conditions
I am suffering right now. My celly Martin Lyons I've witness
calling for Crisis Team members to alot of the police, but they
never give him one. I know he have asked more than 10 different
days. On 6/7/23 our cell was torn up by TACT team members
and they took alot of items that are not a security threat.
and they opened up some food itmes I bought on commissary
and my celly and poured in our boxes all over our clothes
and this was excessive and not necissary. I dont know
the exact date but one day they sprayed the whole

PAGE 2

building with mace for a long time and me and my
celly were coughing and sneezing and there was
no regard that I have asthma or nothing That was
the worst day of my life Since I been in menard
Everything I am saying is truthful and factual.

_Jeffry D Quigly_
ASFIANT

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: 6-21-23

/s/ _Jeffry D Quigly_
NAME: Jeffry D Quigly
IDOC#: Y55678
Menard   Correctional Center
P.O. BOX 1000

Exibit 12

STATE OF ILLINOIS )
                  )  SS:
COUNTY OF_____ )

## SWORN   AFFIDAVIT

I, ARMOND WILLIAMS_____ ,After being duly sworn upon my Oath, I depose
and state that the following matters are both true and correct in substance and in
Facts :

Menard's correctional staff have not been abiding by any of
the Administrative Directives that are beneficial to the wellbeing and
rehabilitative progress of the individuals in custody since mid March
up until now the individuals in Menard's east house no longer get
the phones on first and second shift when the rest of the facility
does. Since being on this lockdown the corrections officers don't walk
the grievance box around, they aren't passing out ice when
temps have been 85 degrees and higher. I myself have called
for and requested to see mental health/crisis team members
and the corrections officers blantly tell me no because they
don't feel like writing a 434 incident report which means
not doing a report is much more important than my mental
health. On 6-7-23 the Tact team shook down the entire
east cell house and left our cells in complete disarray. Then
on 6-13-23 east house staff went in the tunnel and sprayed
an excessive amount of O.C. spray all because we were
requesting that our toilets and sinks be turned back on.
our toilets and sinks were shut off around 5:40 a.m as
the tact team did another shakedown of the entire west
cell house. I have been traumatized since arriving to
Menard on 7-22-22

PURSUANT TO 28USC 1746, 18 USC 1621 OR 735 ILCS 5/1-109, I DECLARE, UNDER PENALTY OF
PERJURY THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY
KNOWLEDGE AND BELIEF. I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT TAKEN
EITHER FRIVOLOUSLY OR MALICIOUSLY, AND THAT I BELIEVE THE FOREGOING MATTER IS TAKEN
IN GOOD FAITH.

Signed on this 22nd Day of June 2023 , 1st Armond Williams

EXIBIT 4

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 03/27/23 10:25:39:867 |
| **Offender Name** | **LYONS, MARTIN** | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | E -10-09 | **Staff** | HARGIS, ALLISON, Office Coordinator |

Grievance Office received grievance #98-3-23 (2nd Level Review) regarding mail procedures, dated 3/1/23.

**Print Date  3/27/2023**

# State of Illinois - Department of Corrections

Exibit 17

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 06/21/23 08:05:43:307 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | E -10-09 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #340-6-23 regarding staff conduct/confiscated property dated 6/12/2023. Forwarded to Clinical Services for Counselor's response.

**Print Date  6/21/2023**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Martin Lyons (#M-19540),      )

                         )

          Plaintiff,    )

                         )     Case No. 22 C 5846

          v.            )

                         )     Hon. LaShonda A. Hunt

John Doe, et al.,          )

                         )

          Defendant.   )

Exibit 15

## ORDER

    Plaintiff has submitted a motion seeking an extension of time in which to submit a proposed amended complaint [23]. The motion is denied as premature. Plaintiff's deadline to submit his proposed amended complaint is more than a month from now, on August 18, 2023. If, as the date approaches, Plaintiff requires additional time, he may submit a renewed motion for extension of time. The Clerk is directed to terminate Plaintiff's motion for preliminary injunction [15] in accordance with the Court's order of June 20, 2023 [20].

Date: 7/12/23                      /s/ Judge LaShonda A. Hunt

Written statement by Plea's Lyons Menard C.C.

Plea: Not Guilty to 601/102-b. Assault, 208 Dangerous Communications, 209 Dangerous Written Material

Plea: Intimidation or Threats, 310 Abuse of Privileges

Exibit 21

## Statement of Facts

During the course of being in Menard there have been several instances of Lyons being treated differently than other prisoners similarly situated then him in which many grievances have been wrote about the disparity of treatment and the equal protection of the law violations of the United States Constitution (see track record of all grievances that were responded to and not responded to) Almost every cellmate that I had have witnessed my outgoing and incoming mail whether emails, regular mail or legal mail being tampered with, me being denied medical treatment, being threatened by officers even some Adjustment Committee members that have said to "scar him" (Martin Lyons) everytime I caught a ticket in which I've only caught 2 tickets since being in Menard on 10/22/23, I have been in many inhumane living conditions, I have been let out to visits whether video or in-person late and on purpose, I have been subjected to pepper spray coughing and throwing up for no reason and just recently been on Lockdowns in the East house unit for the past months of 2 or more for things that have nothing to do with me. I have wrote many grievances on all these issues, whether directing the grievances to the wardens to address, I have wrote both the Wardens of Menard Anthony Wills and Kevin Reichert to inform them of all the unconstitutional practices going on in East house in Menard but nothing has been done to correct these violations I have filed a preliminary injunction just recently that have been denied temporarily by the Courts and I believe all Menard ~~are being~~ staff are aware of everything that going on unconstitutional as well as my intentions of litigating these harsh living conditions therefore as stated earlier the words "scar him" everytime I catch any ticket shows in this particular IDR.

As far as the charges stated in this IDR, I have previously wrote grievance on this officer who is in charge of monitoring the transactions of the emails for harrassing my emails by purposefully delaying withholding and provoking me by the way he processes my emails. If there is a way to see the actual manner and reveal the calculated harrassment that he processes my emails in particular, you would see his malicious intent clearly. Since the only evidence I have are the Affidavits that are not in my possession for my defense, I will have to rely on the dates and times on my sent messages inbox or the view credit history to reveal the transactions of the emails. If there is a way that the Adjustment Committee members can reveal the manner in which Bohnert #9020 calculated processing my emails which led me to being provoked to say most of those evil things that are not my character then →

I request that the Adjustment Committee look further at the nine teen sections throughout any bias or partiality against me which I'm sure is highly unlikely since the ticket was wrote by Internal Affairs which has more power than the Adjustment Committee and inbluence over the decisions.

ON 7/3/23 I woke up at or around 10-11am and after cutting my tablet on logging in, I only had one email message from Jessica Kelley with the subject "Good Afternoon" that was sent on 7/1/23 (off my memory) (don't know exact time but only date) upon getting that one email I had emailed back Responded to that subject saying (off my memory) " It's funny how thats all you have to say after the whole damn weekend but whatever I'm going to get back to doing my shit." I also sent a second message pertaining to that one message saying (off my memory) " You're really showing who you are hahaha, you're a true player in the game, but its cool keep doing you." After I sent these two emails out, about 2 to 3 hours later I recieved a message from Jessica Kelley that was dated 6/30/23 an email sent Prior to "Good Afternoon" that had the subject "What u deserve" (Don't know exact time only date) in which Jessica Kelley had disclosed to me personal information about her past experiences in her life with men that were foul. This is where Bohnert #9020 had calculated processing this particular email purposefully after the email dated 7/1/23 "Good Afternoon" in attempt to make me look insensitive and completely heartless to an outside correspondent and their life stories which could cause me to lose this person that I genuinely care about. After recieving "What u deserve" 2 to 3 hours late and seeing the malicious intent was to calculate and process this very sensitive subject in the email after I said insensitive things in my first two messages I sent out is when I got very upset and said all those evil things that came as out of shear frustrastion ob this ~~obicer~~ officer Bohnert #9020 doing this to me on more than one occasion against me. I've already wrote greivances in the past about this email tampering, harrassment before this incident happened that wasn't Resolved. This would prove there was already an ongoing issue with my emails and there was retaliation in the motives of this prison official with my email delivery. (Check my greivance records) (Also check email records for verification) There were many emails sent afterwards expressing regret and remorse on the nature of my emails I sent including the current email. This should be considered along with the fact that he omitted some of this "What u deserve" email So the Adjustment committee has the entire email transaction and should look at the entire email instead of just the bad highlighted portions by Bohnert #9020 when making determination.

on the face of the Disciplinary Report, the 601/102b. Assault, 208 Dangerous Communications, and 209 Dangerous Written Material are all unapplicable and misplaced because in order to be charged with 601/ 102b. Assault there would have to be an actual Assault and actual conspiring, solicitation to other Prisoners or with other prisoners whether related or unrelated to a staff member being assaulted. No staff member have been assaulted recently. The Dangerous Communications and the Dangerous Written Material should also not apply and be misplaced because ~~emails~~ emails are →

Considered "Confidential" to any other prisoner and only exposed to prison staff in house. What I said in personal emails was not seen by other individuals in custody that would entice, provoke, promote or engage them into violence nor conspire to hurt any staff member by them not being privy to my emails. Therefore these 208 Dangerous Communications and 209 Dangerous written Materials and 601/102b Assault charges should not be applied to this IDR. It should be clearly revealed that Bohnert #9020 had motive behind writing these trumped up charges against me because of everything I said in the emails that were personal toward him.

In no way am I'm suggesting or making what I said excusable, justifiable or not taking any responsibilities for my lack of self control. I own and accept the charges of 206 Intimidation or Threats and 310 Abuse of privileges and I am deeply sorry and very remorseful for how I handled myself in this situation because this does not define me as a person. Therefore, it is to my hope and prayer that the Adjustment Committee members understands this about me, including the fact I haven't had a ticket in over 8 months and take this into consideration before imposing the maximum penalties allowed in this offense cited. This is a carboned copy of this written statement and will be used for court purposes so please make sure every word is documented and recorded along with making a copy for the institutional records for future litigation purposes.

Thank you for your consideration in this matter. Respectfully Submitted.

Pursuant to 28 USC 1746, I declare, under penalty of perjury that this aforementioned written statement I'm providing the Adjustment Committee at this Disciplinary Hearing is not taken maliciously neither frivilously and only in good faith and I believe the contents here in are true in substance and facts.

Date: 7/10/23

/5/. Martin Lyons

Martin Lyons

M-18540

Menard C.C. Po Box 1000

Menard IL 62259

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 07/13/23 13:15:28:437 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #293-7-23 regarding staff conduct/tampering with mail dated 7/11/2023. Forwarded to Clinical Services for Counselor's response.

**Print Date  7/13/2023**

# State of Illinois - Department of Corrections

 Exibit 18

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 07/17/23 13:28:00:730 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | HARGIS, ALLISON, Office Coordinator |

Grievance Office received grievance #370-7-23 marked emergency by the individual in custody regarding ODR 7/6/23, dated 7/15/23. Forwarded to the CAO to determine if the grievance will be expedited as an Emergency.

**Print Date  7/17/2023**

Carboned Copy

ILLINOIS DEPARTMENT OF CORRECTIONS

Exhibit 1    P2-332

**Offender's Grievance**

1st Lvl rec: _____                                                    2nd Lvl rec: _____

| Date: 7/21/23 | Offender (please print): Martin Lyons | ID #: M-19540 | Race (optional): |
|---|---|---|---|
| Present Facility: Menard | | Facility where grievance issue occurred: Menard | |

**Nature of grievance:**

| | | |
|---|---|---|
| ☒ Personal Property | ☒ Mail Handling | ☒ Medical Treatment | ☐ ADA Disability Accommodation |
| ☒ Staff Conduct | ☐ Dietary | ☐ HIPAA | ☐ Restoration of Sentence Credit |
| ☒ Transfer Denial by Facility | ☒ Other (specify): Denial of Legal Deadline / Court Access / Equal Protection / retaliation | | |
| ☒ Disciplinary Report 7/6/23 | | | Due Process / Conspiracy) |
| | Date of report          Menard | Facility where issued | Living Conditions |

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

On the above date at the approximate time of 12:29 pm grievant showed gallery officer Garcia a Northern District of Illinois court deadline and told him that I need all my legal documents out of my legal correspondence box and he took the paper and left. When he came back he blatantly told grievant "Well, this is a Northern District deadline and for personal property for I give two fucks about you or your court deadlines." He then stated, "This is the South asshole, the Northern District don't even have jurisdiction over us anyway." He then left off the gallery. Grievant has wrote grievance after grievance about how I'm

☒ Continued on reverse

**Relief Requested:**

being treated in Menard, how grievant's mail has been stolen, how there's no Due Process for grievant, all the retaliation, the threats against grievant, the fact that grievant is in seg without a disciplinary hearing to this trumped up changes ticket, grievant recieving no medical treatment, transfer denials and the fact that Menard wants grievant dead in Menard. Evidently grievant has no relief of these living conditions at all and now grievant will miss his

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is NOT an emergency grievance.

| _Martin Lyons_ | M-19540 | 7/21/23 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

_____

_____

_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated.  Offender should submit this grievance according to standard grievance procedure

| Chief Administrative Officer's Signature | Date |
|---|---|

Assigned Grievance #/Institution _____   Housing Unit N2-332   Bed #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____   2nd Lvl rec: _____

court deadline because of the conspiracy against grievant in Menard. Grievant was even denied to send legal deadline out on a in person visit with mother on 7/17/23 and now having a 6 month contact visit restriction grievant wont be allowed to send obligations out on a visit. The case number is 1:22-CV-SP46. Grievant has informed every prison official he could to get his legal deadlines met. In violation of AD 05.15.100 (J) RH Conditions standerd (T) grievant have not recieved any property. Also violation of AD420 and Adm. Code 504.620 (mandatory language)

Relief Requested for this complaint:

1) There is no Relief that will be Provided at the institution level so answer grievance within 60 days

Living Conditions

Grievant has been in seg since 7/6/23. Grievant has been placed in a filthy cell with a dirty mattress, pillar with no hygiene products, no cleaning supplies in accordance with Adm Code 504.620 and Adm Directives 05.15.100. Grievant has given multiple nurses on 11-7 shift and 3-11 shift requests for medical attention as well as informed gallery officer Garcia that grievant needs medical attention and have been ignored. Grievants skin has severely broken out being placed in this cell with no property on his neck, arms and inner thighs and it looks like red bumps that are hard, scaly and they burn, itch, and sometimes bleed. Grievant has not been provided reading materials from the library or law library, None of grievant personal property or legal correspondence property is ink has deficiencies, cleaning materials have not been provided, no laundry services are provided, no medical assessments of my condition, and mental health are incompetent of providing any assistance by always saying, "security trumps everything". Grievant is not recieving TSP services by mental health even while being on caseload. Grievant is placed on "Pink Tag" where he is not allowed any out of cell time at all. Grievant has never recieved an orientation manual but has had to ask other prisoners grievant does not know for all the necessities to live by selling food trays and starving myself days and nights. Grievant has not been provided any telephone privileges once per week to call loved ones to let know what grievant is going through. Grievant does not have access to programs, services, education, commissary, library, social, counseling services or religious guidance. This is all violations of AD05.15.100 which is mandatory language. Every day grievants sleep is deprived because all prison staffs rattles the cell bars every morning breaking grievants sleep and Garcia hits bars constantly, grievant is already in a noisy environment with the other prisoners and barely gets any sleep but grievants peace is disturbed by Garcia and the 2 day officers. All these complaints should not be happening according to the Adm Code 504.620 or AD05.15.100 because it considered mandatory language. Grievant has been placed in these living conditions arbitrarly without any disciplinary hearings or changes that are not substantiated, Grievant wrote the Adjustment Committee Kites asking to be heard, wrote grievance on it emergency that was not deemed emergency by the warden, sent a written statement via institutional mail system with no response and have recieved all punishments without Due Process and this continues to plague grievant in the Southern District of Illinois. After putting Emergency grievance back in box for counselor response, No reciept was given by the grievance office violating Due Process

Relief Requested for this complaint

1) For these prison officials to follow the Adm Code 504.620 and AD 05.15.100
2) There is clearly no relief going to be provided so at the institutional level so answer this grievance in 60 days.
2) To be given disciplinary hearing to be heard in opposition of this IDR for Due process Purposes
3) To be given medical attention for ailment in this grievance.

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 07/24/23 13:16:46:847 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | HARGIS, ALLISON, Office Coordinator |

Grievance office received grievance #462-7-23 dated 7/21/23 for ODR 7/6/23, medical, conditions.
Forwarded to grievance officer for response.

**Print Date  7/24/2023**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 07/24/23 10:22:57:810 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | HARGIS, ALLISON, Office Coordinator |

Received grievance on plain sheet of paper. Grievance must be submitted on correct grievance form 0046 to be processed.  **Correction: Received kite stating that grievance exibits for grievance #462-7-23 were returned to him. Individual is advised to send exibits back to the grievance office and they will be added to the grievance. They were not attached to the grievance.

**Print Date  7/25/2023**

Carboned Copy

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

| 1st Lvl rec: | | | | 2nd Lvl rec: |
|---|---|---|---|---|
| Date: 7/26/23 | Offender (please print): Martin Lyons | ID #: M-19540 | | Race (optional): |
| Present Facility: Menard | | Facility where grievance issue occurred: Menard | | |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☒ Medical Treatment    ☐ ADA Disability Accommodation

☒ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility    ☒ Other (specify): Due Process/Deliberate Indifference/Living Conditions

☐ Disciplinary Report

_____ Date of report _____     _____ Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

Ever since coming to Restricted Housing let alone Menard CC. On 7/6/23 grievant has put in over 20 to 30 Kites for medical attention, mental health needs and Clinical services but is not recieving any services Menard's policy of writing "Kites" when requesting any services is not a sufficient enough document to ensure by Due Process that grievant recieve any of these services. These practices are not proper to prove that grievant is not being denied medical, mental health, clinical services or any other Due Process Issues that come up in Menard This prejudices grievant from bringing any Non-frivilous Claims in any Court of Law. Grievant has been subjected to condemned cells with no operable running water hot or cold consistently. There is no

☐ Continued on reve[rse]

**Relief Requested:**

exhaust fans or ventilation, air conditioning that can take away the excessive and sweltering heat index all day and night that causes grievant to sweat profusely which flares up grievants skin to turn into rashes that burn, bump up, that bruises, itches, and also bleeds at times that tended to. Grievant's boils also flare up at times on posterior and causing so much pain to where grievant cant even sit down. On 7/26/23 grievant was scheduled to Telepsyche and upon going into the bullpen area, Amanda Choate denied grievant the

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

Martin Lyons _____    M-19540    7/26/23
Offender's Signature     ID#     Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

_____

_____

_____

_____ Print Counselor's Name _____    _____ Sign Counselor's Name _____    _____ Date _____

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance offi[cer]

---

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature _____     _____ Date _____

Distribution: Master File, Offender      Page 1 of 2      DOC 0046 (Rev. 01/20)

Assigned Grievance #/Institution                                    Housing Unit 02-332          Bed #.

1st Lvl rec                        **ILLINOIS DEPARTMENT OF CORRECTIONS**
                                         **Offender's Grievance**                            2nd Lvl rec:

necessary medical treatment. On 7/25/23 after a conversation with Amanda Choate, she was in a room had grievant to get TB shot and upon information and belief a "Physical" she was with another two nurses named "Nicole" and other one (grievant doesn't know) Grievant asked "so can you look at my skin infection on inner thigh that's bleeding now? ~~Amanda~~ Amanda said," "I'm not looking at that right now put back in for sick call." Nicole chimed in saying, "Ugh nobody wants to see that nasty shit." After getting shot I was told to leave. Grievant believes nurses here writing false vitals and information in medical chart acting like they're doing their job. Grievant haven't received a physical in over 4 years since being in stateville. On 7/26/23, after the telepsyche meeting grievant saw Amanda Choate (which should be on camera footage) in the hallway and told her that I need medical attention for skin condition. She said," Dude, I already told you I'm not looking at that so please stop asking me." The C/O took me away. Grievant also gave Amanda a sticker tag for his indicated Baby shampoo but never received refill for eyes. Grievant feels that these nurses were being deliberately indifferent to grievant's serious medical needs. There is also no way to prove any of grievant's allegations because of this write a "Kite" policy implemented in Menard C.C.

                          Due Process

Also in violation of Due process none of the Restricted housing staff are providing any grievances, money vouchers, visiting + phone lists. Counselor Valerin just made rounds on gallery on 8/31/23 and everything grievant asked for was not provided since he has been my counselor. He is not doing his duties and he is also not answering my grievances in the allotted time letting grievant suffer and contributing to all these violations. Grievant got this grievance from another prisoner. When grievant sends grievance responses to the ARB even the ARB are not providing the receipts that shows they're receiving grievance from me in violation of Due Process. There is a conflict of interest between prisoners and counselors in IDOC. These correctional counselors work for IDOC and gets paid by IDOC. Therefore they can't go against a staff member because that goes against the brand they work for. 90% of these counselors have been correctional officers before so it's impossible to win any grievance because every response is either denied arbitrarily or providing false information toward every issue that a prisoner presents. There is also a discrepancy in the timing of a grievance response when dealing with specific issues. All Correctional counselors, Grievance Officers, Adjustment Committee members, Mental Health staff and the ARB in springfield are working together are either friends, associates, comrades, family members, married, in relationships, and have children together which creates a bond, trust, loyalty, companionship to where they will never take a prisoner's side in resolving issues of innocence, allegations, needs, and grievant feels is a form of bias and discrimination. Menard is also predominantly white in population, prison staff which also shows in the manner they handle men of colors especially one who have locks in hair. Grievant presumes this is why grievant is not receiving proper medical treatment, mental health treatment, Due Process in grievances and/or disciplinary hearings and going through all this pain and suffering in the Southern District prisons in Illinois. Grievant is attaching a proof of service with this grievance making this a legal document that needs to be answered in 60 days or administrative remedies will be considered unavailable.

                    Relief Requested

1.) Due to the conflict of interest listed in this grievance with the counselors, Grievance Officers and ARB members, there is no relief at the institutional level that grievant wants instead of being transferred to a Central or Northern District prison that does not present these issues in this grievance and every other grievance I filed since being in the Southern District of Illinois.

2.) Grievant wants every ticket caught in the Southern District that did not follow Due Process protocol and procedures.

3.) Preserve camera footage on 7/26/23 in hallway at CR around 8:00 am to 9:30 am to see allegations and for future litigation purposes in court procedures.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/01/23 14:04:10:930 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance office received grievance #32-8-23 dated 7/23/2023 for ODR 7/6/2023 and staff conduct.
Forwarded to grievance officer for response.

**Print Date  8/1/2023**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/03/23 10:38:45:973 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #106-8-23 regarding state pay dated 8/2/2023. Forwarded to Clinical Services for Counselor's response.

**Print Date** 8/3/2023

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/07/23 12:53:12:587 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #164-8-23 marked emergency by the individual in custody regarding not receiving medication, dated 8/5/2023. Forwarded to CAO to determine if the grievance will be expedited as an Emergency.

**Print Date  8/7/2023**

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/10/23 12:19:17:107 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Emergency grievance #164-8-23 regarding medication has been deemed emergency by CAO for expedited grievance review.

**Print Date  8/10/2023**

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/11/23 13:55:36:430 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | HARGIS, ALLISON, Office Coordinator |

Grievance office received grievance #163-8-23 from the individual in custody regarding safety/living conditions, dated 8/1/23 previously deemed non-emergency. Forwarded to Clinical Services for Counselor's response.

**Print Date  8/11/2023**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/14/23 14:04:04:223 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #364-8-23 regarding mental health treatment dated 8/11/2023.
Forwarded to Clinical Services for Counselor's response.

**Print Date  8/14/2023**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M19540 | **Counseling Date** | 08/14/23 14:04:45:747 |
| **Offender Name** | LYONS, MARTIN | **Type** | Collateral |
| **Current Admit Date** | 02/25/2011 | **Method** | Grievance |
| **MSR Date** | 10/20/2048 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-03-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #365-8-23 regarding property misplaced in transit dated 8/13/2023.
Forwarded to Clinical Services for Counselor's response.

**Print Date** 8/14/2023

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF _Randolph_       )

**AFFIDAVIT**

I, _Ricardo L. Figueroa_ being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

On August 5th, 2023 I witnessed Martin Lyons throw 3 seperate grievances from 3 gallery over to 1 gallery to a C.O. in North 2 segregation at Menard Correctional Center. The C.O. picked each grievance up off the floor and placed them in the grievance box, instead of just going up to 3 gallery and walking the gallery the way he is suppsed to.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Respectfully submitted,

_Ricardo Figueroa_ # Y15838

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: **MARTIN LYONS**

ID#: **M19540**

Facility: **MENARD**

9/15/23
Date

This is in response to your grievance received on **4/6/23**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: **2/11/23**    Grievance Number: **176-2-23**    Griev Loc: **MENARD**

- ☐ Medical _____
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ☐ Staff Conduct _____
- ☐ Commissary / Trust Fund _____
- ☑ Conditions (cell conditions, cleaning supplies, etc.) YARD ONLY TWICE A WEEK, NO NIGHT YARD, NO RELIGIOUS SERVICES.
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other DENIED COPIES AND NOTARY, ACCESS TO GRIEVANCE PROCESS, LACK OF PROGRAMING, TRANSFER REQUEST IGNORED.

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☑ Other: TRANSFER REQUEST DENIALS ARE AN ADMINISTRATIVE DECISION.

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _~~Ryan Kilduff~~_
Ryan Kilduff
Administrative Review Board

CONCURRED: _~~Latoya Hughes~~_ edie
Latoya Hughes
Acting Director

CC: Warden, **MENARD** Correctional Center
**MARTIN LYONS** , ID# **M19540**

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*