IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN LYONS,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**C/O GARCIA, C/O EDWARDS, JOHN DOE 1, and JOHN DOE 2,**<br><br>          **Defendants.** | **Case No. 23-cv-02801-SPM** |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center (Menard), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 14). After the Court conducted a preliminary review of the First Amended Complaint pursuant to Section 1915A, Plaintiff is proceeding on Eighth Amendment claims for the unconstitutional conditions of confinement he experienced while in segregation from November 5, 2022, through November 23, 2022, and then again from July 6, 2023, through August 3, 2023 (Counts 7 and 8). Plaintiff is also proceeding on a Fourteenth Amendment claim for the denial of his personal property with no rational basis in violation of the Equal Protection Clause (Count 9). (*See* Doc. 20).

This matter is now before the Court on a motion for a preliminary injunction and temporary restraining (TRO) order filed by Plaintiff. (Doc. 27). For the following reasons, the motion is **DENIED.**

**MOTION FOR PRELIMINARY INJUNCTION AND TRO**

In the motion, Plaintiff states that his equal protection rights continue to be violated at

Menard. (Doc. 27). He contends that staff at Menard are singling him out for mistreatment and that their conduct arises to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff asserts that (1) he is being denied medical treatment for his serious medical needs; (2) his requests to receive medical treatment have been ignored; (3) he had not been seen by a medical doctor since arriving at Menard Correctional Center; (4) information is being falsified in his medical chart; and (5) medical information is being withheld from him. Specifically, he claims that following an appointment with a nurse practitioner, he was given a medical shower permit for seven days and antibiotics to treat his skin condition, which has flared up and causes his skin to bleed. Plaintiff states that on May 4, 2024, and May 5, 2024, he was not allowed to shower by the gallery officers. Plaintiff also complains about his conditions of confinement in East House, where he is currently housed, and states that his mail and grievances are being mishandled by staff.

Plaintiff asks the Court to order that he be transferred to another facility in order to ensure that his rights will not continue to be violated during the pendency of this case.

## ANALYSIS

The purpose of emergency injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). In order to obtain preliminary injunctive relief or a TRO, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Meritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). An injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Furthermore, "a preliminary injunction is appropriate

only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Plaintiff seeks emergency injunctive relief that does not pertain to the constitutional violations alleged in this case, which occurred while Plaintiff was held in segregation in November 2022 and August 2023. Plaintiff's new assertions of harmful and unjustified differential treatment by staff, who are not named parties, is an improper attempt to amend his claims in a separately filed motion. A motion for an emergency injunction is not a proper avenue to pursue additional claims and add defendants. Notably, Plaintiff's motion is a laundry list of grievances about his experiences since arriving at Menard, and he has been warned that he cannot join claims and parties in a single lawsuit that arise from distinct transactions or occurrences. (Doc. 11). If Plaintiff wishes to pursue emergency injunctive relief for these unrelated claims, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims.

### DISPOSITION

For the reasons set forth above, the Motion for a Preliminary Injunction and TRO is **DENIED.** (Doc. 27).

**IT IS SO ORDERED.**

**DATED: May 16, 2024**

        *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**