IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTIN LYONS,

            Plaintiff,

v.

JOHN DOE 1, *et al.*,

            Defendants.

Case No. 23-cv-02801-SPM

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on four motions filed by pro se Plaintiff Martin Lyons.

**I.    Motion for Objection and Clear Prejudice for Appeal (Doc. 39)**

Plaintiff has filed a motion arguing that the Court abused its discretion in denying his second motion for court recruited counsel. (Doc. 38, 39). He states that he is exercising his right to object and preserving his arguments for appeal.

The motion is **DENIED**. Objections to orders issued by the Court do not exist under the Federal Rules of Civil Procedure, and Local Rule 73.1(b) is limited to allowing objections of a ruling or finding by a magistrate judge. Additionally, the Court entered a ruling on Plaintiff's motion for recruitment of counsel on the record, and there is no need for Plaintiff to raise a separate objection to preserve previously made arguments for the purposes of appeal. *See Wilson v. Williams,* 182 F.3d 562, 563 (7th Cir. 1999) ("[A] definitive ruling *in limine* preserves an issue for appellate review, without the need for later objection…"). The Court will therefore construe Plaintiff's motion as a motion seeking reconsideration under Federal Rule 54(b).

Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or

fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004).

Here, Plaintiff elaborates on the same arguments previously before the Court and disagrees with the Court's ruling not to recruit him counsel. Despite Plaintiff's contentions, the Court still finds that the difficulty of this case, at this early stage, does not exceed his capabilities. *See Navejar v. Iyiola,* 718 F. 3d 692, 696 (7th Cir. 2013). Merits discovery is stayed, and there is no need to communicate with former or current inmates who are potential witnesses or to obtain a medical expert at this time. Furthermore, despite being heavily medicated and experiencing nerve issues and pain in his hand, Plaintiff's filings are clear and cogent. He continues to be a zealous advocate for himself filing more than most litigants, even those represented. There is no indication that his health conditions are hindering his ability to proceed pro se.

Plaintiff's claims regarding his legal mail and being prejudiced because his mail sent to and from the Court is being read by staff, also do not warrant reconsideration of denial of court recruited counsel. While Plaintiff believes he is entitled to "some form of confidentiatity" in his court filed documents, that belief is not rooted in law. The Court is unaware of who stamped Plaintiff's mail with "open only in the presence of inmate," and if it was stamped by the Clerk's Office then it was done in error. While staff may be violating internal procedures, they are not violating constitutional law. As stated, an "inmate has the right under the First Amendment to send and receive mail. . . but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The documents sent from the Court to Plaintiff and to the Court for filing are a matter of public

record and therefore not confidential. *See Antonelli v. Sheahan*, 81 F. 3d, 1422, 1431 (7th Cir. 1996); *Martin v. Brewer*, 830 F. 2d 76, 78 (7th Cir. 1987).

Plaintiff again puts forth issues he is having with discovery, which do not meet the requirements for reconsideration of his request for court recruited counsel. First, he states that he has been told that Rule 26 of the Federal Rules of Civil Procedure exempts him from initial disclosures. He states if this is true, he should not be forced to do initial disclosures when he is exempt, unrepresented, and in custody.

Federal Rule of Civil Procedure 26(a) requires parties in civil litigation to produce certain discovery at the beginning of litigation without a court order and prior to the issuance of discovery requests. While Plaintiff is exempt from *automatically* producing certain documents under Rule 26(a)(1)(B)(iv), he is not exempt from participating in discovery and adhering to the discovery orders issued by this Court. All parties must comply with the initial disclosure requirements in the Initial Scheduling and Discovery Order. (*See* Doc. 30).

Second, Plaintiff asserts that he has requested his medical records through institutional procedures and still has not received the documents. Under the Initial Scheduling and Discovery Order, Defendants had until July 15, 2024, to produce copies of relevant medical records. (Doc. 30, p. 2). Normally, parties are to first attempt to resolve discovery disputes between themselves prior to involving the Court. *See* FED. R. CIV. P. 37(a). However, for the sake of judicial efficiency, Defendants are directed to respond to Plaintiff's allegations that Plaintiff has not received copies of his medical records on or before **August 15, 2024.**

Because Plaintiff repeats previously considered arguments and has not demonstrated a manifest error of law or fact, the Court finds no basis on which to reconsider its previous decision. The Motion for Objection and Clear Prejudice for Appeal is denied. (Doc. 39).

II.     **Motions for Extension of Time and Motion to Substitute (Doc. 41, 42, 43)**

Plaintiff's requests for extensions of time and to substitute are **GRANTED in part and DENIED in part**. Scott White is **SUBSTITUTED** for John Doe 1 and Bradley Hall is **SUBSTITUTED** for John Doe 2. (*See* Doc. 43). The Clerk of Court is **DIRECTED** to **SERVE** White and Hall in accordance with the Court's merits review order (Doc. [20]).

The requests for extension of time to identify the John Doe Defendants and file an amended complaint to "properly place defendants Scott White and Bradley Hall in the Amended Complaint" are **DENIED**. (Doc. 41, 42, 43). Plaintiff's motion to substitute was timely filed, and there is no need for Plaintiff to amend the First Amended Complaint in order to include the names of the newly identified John Does. The names of White and Hall will be treated as included throughout the First Amended Complaint without the need to write and file a Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   August 1, 2024**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**