**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARTIN LYONS,

                  **Plaintiff,**

v.

SCOTT WHITE, *et al.*,

                  **Defendants.**

**Case No. 23-cv-02801-SPM**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on three motions filed by Plaintiff Martin Lyons.

### I.      Motion for Entry of Default (Doc. 53)

Plaintiff has filed a motion titled "Motion for Default." In the motion, he asks the Court to order the Defendants to provide him copies of his relevant medical records. Plaintiff also seeks an extension of the deadline to amend the complaint and states that without his medical records he cannot properly amend. He believes that because Defendants have failed to timely produce his medical records, they must be hiding something from him. He asserts that Defendants are in default of these proceedings by failing to produce his medical records in accordance with this Court's orders.

The motion is **GRANTED in part and DENIED in part**. Although Plaintiff is having difficulty receiving his medical records, there is no evidence that Defendants have failed to defend this lawsuit or that they have engaged in any conduct that would warrant default judgment. *See* Fed. R. Civ. P. 55; *Sun v. Bd. of Tr. of Univ. of IL,* 473 F. 3d 799, 811 (7th Cir. 2007) (default judgment is a sanction of "last resort, appropriate only when a party willfully disregards pending litigation"). Defendants previously stated that they requested Plaintiff's medical records on April

Page 1 of 5

5, 2024, from the record's office but did not receive them from Menard Correctional Center until August 13, 2024. (Doc. 49). That same day, Defendants mailed the medical records to Plaintiff. (*Id.*). Plaintiff signed his current motion on August 20, alleging that Defendants are intentionally keeping information from him. According to exhibits from Defendants, the facility received packages addressed to Plaintiff from the Office of Attorney General on August 5 and August 19, but Plaintiff was unable to retrieve the packages until September 4 because the facility was on lockdown. (Doc. 55-1; Doc. 55-2). Accordingly, no further action is warranted concerning production of the medical records at this time.

The Court will allow Plaintiff additional time to amend his complaint. Plaintiff has until **October 30, 2024,** to file a motion for leave to amend, along with a proposed amended complaint. Plaintiff's motion should explain how the proposed amended complaint differs from the First Amended Complaint. (*See* Doc. 30). The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint. Plaintiff is reminded that to state a viable claim against a defendant all that is required is a short and plain statement explaining what the defendant did to violate his constitutional rights. A successful pleading does not require legal research, argument, or supporting exhibits, such as medical records. If he is unaware of a defendant's name, Plaintiff may use a John Doe designation.

## II.     Motion for Court Decision or Injunction (Doc. 54)

Plaintiff has filed a motion titled "Notice to the Court and for Court Decision/Injunction." Again, he asks for an injunction ordering Defendants to provide him his medical records. He also states that he gave his Motion for Default and supporting exhibits (Doc. 53) to staff to file on August 20, 2024, but the documents were not filed until September 3, 2024. (Doc. 54, 57). Plaintiff

asserts that staff are freely allowed to confiscate his legal documents and are interfering with the progress of this case. He requests an injunction ordering staff to stop interfering with court access.

The motion is **DENIED.** This motion was signed on August 26, 2024, and as discussed above, it appears from the record that Plaintiff was provided with copies of his medical records on September 4, 2024, so a court order requiring production is not required.

The Court also will not enter an injunction regarding Plaintiff's allegations of intentional mail interference. As Plaintiff has been advised, a preliminary injunction "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." (Doc. 28, p. 3) (quotations and citations omitted). In this case, Plaintiff asserts that while in segregation in November 2022 and August 2023 he was subjected to unconstitutional conditions of confinement and his rights under the Equal Protection Clause were violated (Counts 7, 8, 9). Claims regarding mishandling of his incoming and outgoing mail were previously dismissed as not properly joined in this case. (Doc. 20, p. 4). A motion for an injunction is not the proper avenue to pursue these additional unrelated claims concerning his mail.

Furthermore, the Court finds that the record does not support Plaintiff's contention that he has been prejudiced by the actions of nonparties in litigating this case. (Doc. 57). Although the filing and receipt of documents may be frequently delayed, Plaintiff has not been impeded from zealously advocating for himself. Since commencing this case last year, he has filed over 300 pages in documents, including 17 motions, and merits discovery has not even begun. For these reasons, the Court will not issue an injunction concerning his claims of mail interference and denial of access to courts.

### III.    Motion for Emergency Injunctive Relief (Doc. 62)

Plaintiff has filed a motion for emergency injunctive relief. He alleges that on September 7 and 9, 2024, he was assaulted by Defendant Garcia and other tactical team members for no

reason. He is now severely injured. On his left side in particular, his rib is fractured, his "hand is handicapped," and his index and middle fingers are disfigured. Plaintiff states that he has bruising all over his body and needs x-rays immediately. He asserts that he has not been given medical care for his injuries. Plaintiff states that he is now housed in segregation in horrible living conditions. Plaintiff seeks a preliminary injunction ordering that (1) an MRI and x-rays be taken; (2) the camera footage of the excessive force incident and the report of Plaintiff's injuries as recorded by Internal Affairs be produced for the Court's review; and (3) Plaintiff be taken off of "pink tag" status and given personal property, hygiene items, sheets, blankets, contacts, clothing, and legal papers.

An emergency injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain emergency injunctive relief, whether through a preliminary injunction or a temporary restraining order, a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Meritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). All three requirements must be satisfied before a court can consider whether injunctive relief is warranted.

Again, Plaintiff is seeking emergency injunctive relief for claims that do not pertain to the constitutional violations alleged in the First Amended Complaint, and thus, it is impossible for him to show a likelihood of success on the merits of these new claims. Recent use of excessive force and being housed in unconstitutional conditions are not the subject of this case, which focuses on events that occurred in 2022 and 2023. "Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose v. Herrington,* 42 F. 3d 470, 471 (8th Cir. 1994). If Plaintiff wishes to

pursue emergency injunctive relief for the alleged excessive force, denial of medical treatment, and poor living conditions he is currently experiencing, Plaintiff will need to file a new lawsuit after properly exhausting his available administrative remedies. The Court states no opinion on the merits of any such claims. For these reasons, the motion for emergency injunctive relief is **DENIED.**

**IT IS SO ORDERED.**

**DATED: October 9, 2024**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**