IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN LYONS,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT WHITE, *et al.*,<br><br>        Defendants. | Case No. 23-cv-02801-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on Plaintiff's "motion for injunction." (Doc. 101). In the motion, Plaintiff asserts that he is again housed in segregation and that he continues to be designated as "pink tag" status. As a result of this designation, he is not allowed to have possession of his legal or personal property, and he is kept in his cell for excessive amounts of time without access to recreation, "out of cell movement," showers, mental health groups, and the barbershop. He states that without access to his legal property, he is hindered from litigating this case and two other federal civil cases, Case No. 22-cv-05846 (N.D. Ill.) and Case No. 23-cv-15751 (N.D. Ill.). Plaintiff seeks a court ordered injunction directing that he be provided with all his legal property and that he be "taken off 'pink tag'" so that he would be allowed to shower, access the recreational yard, and go to the barbershop. He also requests a transfer to facility where "pink tag" status does not exist. (*See also* Doc. 118).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, a plaintiff must

demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Meritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). All three requirements must be satisfied before a court can consider whether injunctive relief is warranted. Furthermore, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff,* No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail,* No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

The Court again finds that Plaintiff's allegations in his motion for preliminary injunction are separate and distinct from the claims he is prosecuting in this case.[1] Plaintiff attempts to link his new claims asserted in the motion to the allegations in this lawsuit by citing to the "pink tag" policy. He claims that he is again in segregation and that staff are holding him for excessive periods of time in his cell and denying him access to his legal and personal property pursuant to the "pink tag" policy enforced by Defendant Warden Wills. He asserts that it is this same "pink tag" policy that was the "moving force" behind the constitutional violations he suffered while in segregation back in November 2022 and July and August 2023, as alleged in the First Amended Complaint. Plaintiff, however, is not pursuing a claim in this case against Warden Wills for implementing a "pink tag" policy that resulted in unconstitutional conditions of confinement. Furthermore,

---

[1] Plaintiff has a history of trying to obtain injunctive relief based on allegations that are outside the scope of the First Amended Complaint. (*See* Doc. 27, 28, 62, 63).

Plaintiff's denial of access to courts claim due to the withholding of legal materials, pens, and paper was previously dismissed as insufficiently pled. (*See* Doc. 20, p. 9-10).

In the First Amended Complaint, Plaintiff allegations are limited to the conduct of individual officers. He claims that Defendant Edwards was deliberately indifferent to his conditions of confinement while he was in segregation in November 2022 in violation of the Eighth Amendment (Count 7), and he asserts an Eighth Amendment claim against Defendant Garcia for ignoring his poor living conditions while in segregation from July 6, 2023, through August 3, 2023 (Count 8). Plaintiff is also proceeding on an equal protection claim based on the allegation that Defendants Garcia, White, and Hall withheld his property for no reason (Count 9). Warden Wills is currently a defendant in his official capacity only to implement any permanent injunctive relief should the Court determine Defendants Edwards Garcia, White, and Hall are liable and that an injunction is appropriate at the end of this case. While Plaintiff alleges commonalities between the conditions he experienced in 2022 and 2023 and what he is again currently experiencing in segregation, including his "pink tag" designation, the First Amended Complaint pleads discrete events that occurred over two years ago. Plaintiff cannot obtain preliminary injunctive relief in this civil case based on new allegations of unconstitutional conditions of confinement and denial of access to courts and an additional claim, not previously asserted, that Warden Wills is liable for violating Plaintiff's constitutional rights by implementing and enforcing a "pink tag" policy.

Because Plaintiff's request for preliminary injunctive relief is based on allegations that are outside the scope of the First Amended Complaint, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   November 17, 2025**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**